CUSHMAN and others, Respondents, v. CITY OF RACINE and another, Appellants.

*No. 305. Argued May 8, 1968.—Decided June 4, 1968.*
(Also reported in 159 N. W. 2d 67.)

For the appellants there were briefs by *Jack Harvey,* city attorney, for the city of Racine, and by *John R. Brown* of Racine for John A. Rudan, attorneys, and *Louis F. Gerard* of Racine of counsel, and oral argument by *Mr. Brown* and *Mr. Gerard.*

For the respondents there was a brief by *Konnak & Constantine* of Racine, and oral argument by *Harold A. Konnak*.

HANLEY, J.   Zoning power is granted to municipalities by sec. 62.23 (7), Stats.   Pursuant to this grant of police power a municipality for the purpose of promoting health, safety, morals or the general welfare of the community may regulate and restrict buildings in height and size, the percentage of the lot which they may occupy, the size of yards, open spaces, density of population and the location and use of buildings and land for trade, industry, residences, or other purposes.   Such an ordinance is to be liberally construed in favor of the municipality by the express provisions of the section.   Amendment of zoning ordinances is also permitted.

The main question presented on this appeal is whether the common council exceeded the bounds of legislative discretion and acted unjustly, unreasonably and arbitrarily in amending the ordinance in question.

We must start with the premise that a zoning ordinance enacted pursuant to sec. 62.23 (7), Stats., is presumed to be valid and such ordinance must be liberally construed in favor of a municipality.   Consequently, an alleged invalidity of the ordinance must be clearly shown by the party attacking it.   *State ex rel. American Oil Co. v. Bessent* (1965), 27 Wis. 2d 537, 135 N. W. 2d 317; *State ex rel. Humble Oil & Refining Co. v. Wahner* (1964), 25 Wis. 2d 1, 130 N. W. 2d 304; *Smith v. Brookfield* (1956), 272 Wis. 1, 74 N. W. 2d 770.

The case at bar does not involve the initial shaping of zoning districts for land use but involves one single lot singled out for different treatment from that originally accorded the neighboring property and thus falls in a category of spot zoning.

Spot zoning, when defined as "the practice whereby a single lot or area is granted privileges which are not granted or extended to other land in the vicinity in the

same use district," [1] is not illegal per se in Wisconsin. *See,* for example, *Higbee v. Chicago, B. & Q. R. R.* (1940), 235 Wis. 91, 292 N. W. 320. This is true because it is not necessarily inconsistent with the purposes for which zoning ordinances can be passed according to sec. 62.23 (7), Stats. Rezoning should, however, be consistent with long-range planning and be based upon considerations which affect the whole community. *Buhler v. Racine County* (1966), 33 Wis. 2d 137, 146 N. W. 2d 403. However, as long as the common council acts within the sphere of legislative authority, its discretion is controlling; a court cannot substitute its opinion for that of a legislative body. *Eggebeen v. Sonnenburg* (1941), 239 Wis. 213, 1 N. W. 2d 84. Judicial interference is limited to cases involving abuse of discretion, excess of power, or error of law. *Buhler, supra.*

The most frequent instance of judicial interference with existing ordinances occurs in cases in which the court is able to conclude that the property in question is unfit for the use to which the ordinance restricts it. *See State ex rel. Schroedel v. Pagels* (1950), 257 Wis. 376, 43 N. W. 2d 349; *State ex rel. Scandrett v. Nelson* (1942), 240 Wis. 438, 3 N. W. 2d 765; *Geisenfeld v. Shorewood* (1939), 232 Wis. 410, 287 N. W. 683; *Rowland v. Racine* (1937), 223 Wis. 488, 271 N. W. 36; *State ex rel. Tingley v. Gurda* (1932), 209 Wis. 63, 243 N. W. 317. It makes no difference whether the ordinance invalidated was an attempt at spot zoning or whether its application, while more general, was found to be void merely in its application to the subject parcel.

Here, however, no question of fitness presents itself. There is no evidence that the property is unfit for residential use. On the contrary, a real estate broker, J. Vincent Hood, testifying on behalf of the plaintiffs, stated he could see no reason why the lot could not be developed for residential use and placed a $5,200 value on it if

[1] Rathkopf, *The Law of Zoning and Planning,* p. 1, ch. 26.

used for that purpose. The property is obviously fit for use as a dental clinic; for the zoning change was sought to legalize such use.

In instances where our court has upheld spot zoning, it has done so where the public interest has been served thereby. In *Jefferson County v. Timmel* (1952), 261 Wis. 39, 51 N. W. 2d 518, it appeared that parcels adjacent to nine intersections along Highway 30 were exempted from a zoning law so that gas stations and other retail businesses were allowed to be established. The owner of a gas station located at a certain intersection along Highway 30 whose property was not zoned to permit such use sought to have the zoning law declared discriminatory and void as "spot zoning." However, it was apparent that the terrain along the highway permitted an unobstructed view in both directions of the nine exempted locations and that the view of the parcel in question was totally obstructed from the east by a hill. The court found that the presence of retail establishments along Highway 30 presented a traffic hazard and that the restriction of such establishments to places where the view was unobstructed in order to minimize the hazard was in the interest of the general welfare as promoting safety on a main-traveled highway. In *Higbee v. Chicago, B. & Q. R. R., supra,* a railroad company wished to construct a passenger depot on a tract of land zoned residential. After plans were approved by the city plan commission, the commission recommended and the common council passed an ordinance permitting the depot to be built. The effect of the relocation meant that it would obviate delay in through passenger service and would reduce the number of grade crossings by 27. The court upheld the ordinance and stated the following in answer to the charge that it constituted illegal spot zoning, at pages 98 and 99:

". . . Doubtless an attempt to erect a manufacturing plant in a district zoned for and occupied by first-class single residences only might be properly held to be 'spot

zoning' and unreasonable and arbitrary, but this can hardly be held to be so as to buildings of public utilities devoted to public service and promotive of the public welfare, especially under the express declaration of the instant original ordinance."

In *Eggebeen v. Sonnenburg, supra,* certain lots in a city block were rezoned from a classification restricting use principally to single-family dwellings to one permitting apartment houses and other multiple dwellings. The court upheld the rezoning ordinance because it appeared that the tract was unsuitable for building single-family residences.

We think the rule is aptly stated by Mr. Chief Justice CURRIE in his concurring opinion in *Buhler v. Racine County, supra,* at pages 150 and 151:

". . . Spot zoning to be accomplished through rezoning should only be indulged in where it is in the public interest and not solely for the benefit of the property owner who requests rezoning, absent any showing that a refusal to rezone will in effect confiscate his property by depriving him of all beneficial use thereof."

Defendants contend that plaintiffs' evidence fails to rebut the presumption that a zoning ordinance is presumed valid and that they should prevail on that ground alone. But the plaintiffs have, we think, established that the area originally zoned for residential purposes has in fact developed and retained a residential character. It is true there are nonconforming uses and variances present, but they should not be allowed to set the standards, unless it is clear that they in fact determine the character of the area, which they do not here.

In *Buhler, supra,* at page 145, Mr. Justice HALLOWS said:

". . . Nonconforming uses should not be the basis for redetermining the character of an area, otherwise the classification of an area would necessarily be determined by what was originally considered to be undesirable in the area."

The defendants sought to justify the amending ordinance on three grounds: First, due to the presence of the golf course, the Kurten Clinic, and the Curative Workshop, the area had taken on a nonresidential cast; second, there was a need for a dental clinic in the area; and, third, increased vehicular traffic on Northwestern avenue.

On the first point the testimony established that the above-described properties were located from 1,000 to 2,000 feet away from the subject lot and separated by a broad highway. We have already indicated our conclusion that the area has remained residential in character.

With respect to the need for the clinic, the court record showed that the closest dentist's office was one mile distant. Without additional facts, we consider that evidence to be insufficient to prove need.

The increased vehicular traffic does not affect the residential character of the neighborhood.

The trial court found that the market value of plaintiffs' properties would be adversely affected by the rezoning of the Rudan parcel to "neighborhood shopping" and by the construction of a dental clinic and parking lot as proposed by the defendant Rudan. The trial court further found that the amendment of the zoning ordinance bears no relation to the comprehensive city-wide city planning and that it will not promote health, safety, morals, or the general welfare of the community; and that it had not been made with reasonable consideration of the character of the district and its peculiar suitability for particular uses and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout the city of Racine.

There is ample credible evidence to support the above findings. The record indicates the trial judge viewed the area in question.

With respect to the effect that the ordinance would have on the valuation of the plaintiffs' properties, there was testimony by plaintiff George Verhaeghe that the

ordinance would detract from the value of the properties in the area and would reduce the resale value.

Mr. Hood, who had been a real estate broker for fifty-one years, also testified that he thought the ordinance would have an adverse effect on the value of the adjoining residential property.

We conclude that the plaintiffs have clearly established that the area is principally residential, that the subject parcel has value as residential property, that the defendants have not come forward with evidence tending to show that any legitimate purpose of the zoning laws would be furthered if the amending ordinance were allowed to stand, and that the common council in adopting the ordinance changing the zoning of the subject property from "residential" to "neighborhood shopping" exceeded the bounds of legislative discretion and that the ordinance in that respect was unconstitutional and void because clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare. It follows the judgment of the trial court is affirmed.

*By the Court.*—Judgment affirmed.