No. 14709

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

DAVID G. ALLEN and ELEANOR M. ALLEN,
husband and wife,

Plaintiffs and Appellants,

-vs-

FLATHEAD COUNTY, a body corporate; and
THE FLATHEAD COUNTY BOARD OF COMMISSIONERS,

Defendants and Respondents.

Appeal from: District Court of the Eleventh Judicial District,
Honorable Robert Sykes, Judge presiding.

Counsel of Record:

For Appellants:

Astle and Astle, Kalispell, Montana
William Astle argued, Kalispell, Montana

For Respondents:

Ted O. Lympus, County Attorney, Kalispell, Montana
Jonathan B. Smith, Deputy County Attorney, argued,
Kalispell, Montana

Submitted: September 24, 1979

Decided: OCT 18 1979

Filed: OCT 18 1979

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is a motion for declaratory judgment against respondents, Flathead County and its Board of County Commissioners, to have the Lower Valley Zoning District and its zoning regulations declared invalid because of an alleged noncompliance with zoning enabling legislation under section 76-2-201, MCA.

The parties submitted an agreed statement of facts and stipulation of evidence. A county planning board was created for the purposes of planning and zoning in Flathead County in 1972. The jurisdictional area of the county planning board was determined by resolution of the commissioners and included all of Flathead County, except the corporate limits of the City of Columbia Falls. Within the jurisdictional area, the commissioners created the Lower Valley Zoning District and adopted several zoning regulations based upon a plan of that district in 1974. At the time of the adoption of the Lower Valley Zoning District boundaries and regulations, the commissioners had not adopted a comprehensive development plan or master plan for the entire Flathead County jurisdictional area.

Appellants are owners of land situated in the Lower Valley Zoning District. Appellants made a request to the Flathead County commissioners to be eliminated from the zoning regulations of the district. Their request, however, was denied. Appellants thereafter filed a motion for declaratory judgment in District Court to have the Lower Valley Zoning District and its zoning regulations declared invalid. Appellants claimed that there was a failure to comply with procedures outlined in zoning enabling legisla-

tion under section 76-2-201, MCA. Harry Woll was granted permission to intervene on behalf of the Flathead Lower Valley Committee. The District Court found for respondents, and appellants appealed.

The sole issue to be decided in this appeal is whether the District Court erred in holding that the Lower Valley Zoning District and its zoning regulations were adopted in sufficient compliance with the requirements of section 76-2-201, MCA, and were therefore valid.

Section 76-2-201, MCA, provides:

"For the purpose of promoting the health, safety, morals, and general welfare of the people in cities and towns and counties whose governing bodies have adopted a comprehensive development plan for jurisdictional areas pursuant to chapter 1, the boards of county commissioners in such counties are authorized to adopt zoning regulations for all or parts of such jurisdictional areas in accordance with the provisions of this part."

Appellants argue that the above statute requires that a comprehensive development plan or master plan be adopted before counties are authorized to adopt zoning regulations. Appellants maintain that the Lower Valley District Zoning Plan, upon which the zoning regulations of that district are based, is not a comprehensive development plan as contemplated by the statute. It is argued that the plan is not sufficient because it is based only upon a particular locality. Therefore, appellants contend, the zoning regulations are invalid.

Respondents maintain that the Lower Valley District Zoning Plan is sufficient as a comprehensive development plan under section 76-2-201, MCA. Respondents contend that a master plan or comprehensive development plan, according to the statutory definition, is the plan in its entirety or any of its parts and that the Lower Valley District Zoning

-3-

Plan, as a mini or local comprehensive development plan, is sufficient as part of a greater comprehensive development plan under section 76-2-201, MCA.

We find that the adoption of a comprehensive development plan is a necessary prerequisite under section 76-2-201, MCA, for the adoption of county zoning regulations and that the Lower Valley District Zoning Plan fails to qualify as a "comprehensive development plan" as required by the statute.

That the adoption of a comprehensive development plan is a prerequisite to adopting zoning regulations is self-evident from the clear and unambiguous language of section 76-2-201, MCA. Where the words of a statute are plain, unambiguous, direct and certain, it speaks for itself and there is nothing for the courts to construe. Jones v. Judge (1978), _____ Mont. _____, 577 P.2d 846, 848, 35 St.Rep. 460, 462.

That the Lower Valley Zoning District Plan is insufficient as a "comprehensive development plan," as contemplated by the statute, is equally clear. The plan, by the admission of its own text, states that "as a comprehensive development plan it will not suffice; thus, it is necessary to recognize that this plan will be subordinate to a complete comprehensive plan." Further, the plan cannot be brought within the statutory definition of a master plan or comprehensive development plan as respondents contend. Section 76-1-101, MCA, defines a "master plan" as "a comprehensive development plan or any of its parts such as a plan of land use and zoning, of thoroughfares, of sanitation, of recreation, and of other related matters." The Lower Valley Zoning District Plan is not part of a comprehensive develop-

ment plan in the same sense as a plan of zoning would be to a comprehensive development plan or as a "chapter" would be to a "book."

Appellants also contend that the adoption of the Lower Valley District Zoning Plan was insufficient for the adoption of zoning regulations under section 76-2-201, MCA, for another reason. They argue that the plan must, but did not, include an entire jurisdictional area. Appellants maintain that, since the commissioners designated the jurisdictional area of the county planning board as all of Flathead County except the City of Columbia Falls, a comprehensive development plan under the statute must include the entire Flathead County jurisdictional area. The Lower Valley Zoning District Plan, however, included only part of that area.

Respondents argue that the Lower Valley District Zoning Plan was sufficient under section 76-2-201, MCA. Respondents contend that the legislature provided for flexibility in planning and zoning and that parts of a county may be planned and other parts left unplanned. Respondents argue that the adoption of a county-wide master plan is not a necessary prerequisite for adopting valid zoning regulations under the statute.

Resolving these contentions requires interpreting section 76-2-201, MCA. In Mont. Depart. of Rev. v. Am. Smelting and Refining (1977), ____ Mont. ____, 567 P.2d 901, 905-06, 34 St.Rep. 597, 602, we stated:

> "The function of the Supreme Court when construing a statute is simply to ascertain and declare what is in substance stated therein, and not to insert what has been omitted or omit what has been inserted. [Citations omitted.] The fundamental rule of statutory construction is that the intent of the legislature controls. [Citations omitted.] Where the intent of the legislature can be determined from the plain meaning of the words used, the courts may not go further and apply any other means of interpretation."

Here, section 76-2-201, MCA, states that a county is authorized to adopt zoning regulations when "governing bodies [of cities, towns and counties] have adopted a comprehensive development plan for jurisdictional areas . . ." (Emphasis added.) Respondents contend that the Lower Valley Zoning District Plan is sufficient although it takes into consideration only part of the jurisdictional area. The statute does not state, however, that a county is authorized to adopt zoning regulations when governing bodies have adopted a comprehensive development plan for parts of jurisdictional areas.

We hold that the clear and unambiguous language of section 76-2-201, MCA, requires that a county adopt a comprehensive development plan for an entire jurisdictional area. Only after the adoption of such a plan may a county adopt zoning regulations. To interpret the statute otherwise would go beyond the plain meaning of the words and would reduce the terms of the statute to nonsense. It would allow, for example, a comprehensive development plan to be called "comprehensive" when it took into consideration only part of something--namely, a jurisdictional area. Further, it would run contrary to the principles of long-range planning and zoning.

We hold that the District Court erred in determining that the Lower Valley District Zoning Plan and its zoning regulations were adopted in sufficient compliance with section 76-2-201, MCA. The zoning regulations of the Lower Valley Zoning District are therefore invalid.

In view of the potentially serious consequences that our decision might have for the citizens and property owners of Flathead County, we recommend that the Flathead County

commissioners take notice of section 76-2-206, MCA, the provision for interim zoning regulation in emergency circumstances. That statute provides a method by which Flathead County may begin developing a master plan that will comply with the terms of the statute without suffering any serious detriment. Section 76-2-206, MCA, provides:

"Interim zoning map or regulation. (1) If a county is conducting or in good faith intends to conduct studies within a reasonable time or has held or is holding a hearing for the purpose of considering a master plan or zoning regulations or an amendment, extension, or addition to either pursuant to this part, the board of county commissioners in order to promote the public health, safety, morals, and general welfare may adopt as an emergency measure a temporary interim zoning regulation, the purpose of which shall be to classify and regulant uses and related matters as constitutes the emergency.

"(2) Such interim resolution shall be limited to 1 year from the date it becomes effective. The board of county commissioners may extend such interim resolution for 1 year, but not more than one such extension may be made."

The judgment of the District Court is reversed.

_____
Justice

We concur:

_____
Chief Justice


_____

_____
Justices

-7-