120 Wis.2d 304 (1984)
354 N.W.2d 747
Donald J. QUINN, Plaintiff-Appellant,
v.
The TOWN OF DODGEVILLE, a Wisconsin municipality, Timothy F. Blotz, Robert Meudt and Norman Olson, as members of Town Board of the Town of Dodgeville, Iowa County, Wisconsin, Claire Olson, as County Clerk of Iowa County, Wisconsin, Kenneth Palzkill, Iowa County Zoning Administrator, and the Iowa County Zoning and Planning Committee, Defendants-Respondents.[]
No. 82-1932.
Court of Appeals of Wisconsin.
Argued December 15, 1983.
Decided July 19, 1984.
*306 For the plaintiff-appellant there were briefs by Robert D. Sundby and DeWitt, Sundby, Huggett & Schumacher, S.C., of Madison, and oral argument by Robert D. Sundby.
For the defendants-respondents Town of Dodgeville, Blotz, Meudt and Olson there were briefs by Roger J. Mueller and Hamilton & Mueller, S.C. of Dodgeville, and Paula K. Doyle of Middleton and oral argument by Roger J. Mueller.
Before Gartzke, P.J., Dykman, J. and Foley, J.
GARTZKE, P.J.
Plaintiff Donald Quinn appeals the summary judgment dismissing his complaint. Quinn sought a judgment declaring unconstitutional sec. 59.97 (5) (e)6., Stats., which allows a town board to veto a county zoning ordinance amendment under the circumstances present. Quinn petitioned the appropriate county committee to rezone 5.6 acres of his agricultural property in the Town of Dodgeville to allow him to operate a commercial business and restaurant. The property is opposite Governor Dodge State Park. The town board disapproved an amendatory county ordinance which would have rezoned Quinn's property. This lawsuit resulted. The issues are whether the town veto power violates various state and federal constitutional provisions, interferes with a county development plan, and affects plaintiff's rights without according him procedural due process. We resolve the issues against Quinn and affirm.
We preface more exact statements of the issues with a sketch of the statutory background. A county board may create a planning and zoning committee or commission, designated the county zoning agency. Sec. 59.97 (2), Stats. That agency prepares a county development plan for the unincorporated areas of the county and for those incorporated areas agreeing to be covered by the plan. Sec. 59.97(3) (a). After holding a public hearing and *307 approving the plan, the zoning agency submits it to the county board for approval and adoption. The adopted plan is then certified to affected cities, towns and villages. Sec. 59.97(3) (d).
A county may adopt zoning ordinances for areas outside incorporated villages and cities, establishing districts and adopting regulations for each such district. Sec. 59.97(4), Stats. A county zoning ordinance is not effective in a town until it has been approved by the town board. Sec. 59.97(5) (c). An amendment to a county zoning ordinance is subject to a veto by the town or towns affected. If the amendatory ordinance relates to zoning district boundaries, the town board of the town affected may prevent the ordinance from becoming effective by disapproving the petition for amendment or disapproving the amendatory ordinance. All other amendatory ordinances may similarly be vetoed by a majority of the town boards of the towns affected. Sec. 59.97(5) (e)6.
We need not decide whether plaintiff's petition to rezone and the amendatory ordinance relate to zoning district boundaries. It is undisputed that the Town of Dodgeville is the only town affected and that its disapproval was timely.
The issues were brought to the trial court on motions by both sides for summary judgment. Summary judgment methodology is the same for an appellate court as it is for a trial court. Board of Regents v. Mussallem, 94 Wis. 2d 657, 674, 289 N.W.2d 801, 809 (1980). We will not repeat that methodology. We have reached the stage where the material facts are undisputed and only issues of law remain for resolution. We review questions of law de novo, without being bound by the decision of the trial court. First Nat. Leasing Corp. v. Madison, 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977).
1. Wisconsin Const. Art. IV, Sec. 22
Wisconsin Const. art. IV., sec. 22, provides: "The legislature may confer upon the boards of supervisors of the *308 several counties of the state such powers of a local, legislative and administrative character as they shall from time to time prescribe." Plaintiff argues that the town veto power conferred by sec. 59.97(5) (e)6., Stats., violates this provision. He contends that the constitution allows delegation of local power only to county boards, and a veto power, therefore, cannot be delegated to town boards, relying on Marshall v. Dane County Board of Supervisors, 236 Wis. 57, 294 N.W. 496 (1940), and Meade v. Dane County, 155 Wis. 632, 145 N.W. 239 (1914). We disagree.
The Meade court struck down a statute providing for a referendum vote on any county ordinance. The Meade court held that Wis. Const. art. IV, sec. 22, prohibits delegating to the electors the powers which sec. 22 requires be delegated to a county board. 155 Wis. at 644, 145 N.W. at 243. Applying Meade, the Marshall court struck down a statute specifically providing that when presented with a petition signed by fifteen percent of the voters, the county board must establish a civil service system and pension system or submit the question to a referendum. 236 Wis. at 59, 294 N.W. at 497.
[1]
Because zoning is a legislative function, Buhler v. Racine County, 33 Wis. 2d 137, 146, 146 N.W.2d 403, 408 (1966), the power to zone is delegable to a county board member under Wis. Const. art. IV, sec. 22. The delegability of legislative powers to the county boards does not, however, prevent delegation of the same powers to the town boards. Noting that Wis. Const. art. IV, sec. 23, authorizes the establishment of towns, and that towns could not function without local, legislative and administrative powers, the supreme court of this state has held:
Since the delegation by the legislature of local, legislative and administrative power is not prohibited by the constitution, the legislature may properly invest local *309 units, including towns, with power to legislate in respect to matters of local character.
Milwaukee v. Sewerage Comm., 268 Wis. 342, 354, 67 N.W.2d 624, 631 (1954).
[2]
The power to prevent a change in the permitted uses to which land can be put is the power to preserve an existing zoning. The town's power to veto a county zoning ordinance amendment is as legislative as the power to zone. It is comparable in effect to a zoning authority's refusal to amend the ordinance, which, according to 4 Anderson, American Law of Zoning sec. 25.08, at 214 (2d ed. 1977), most courts regard as a legislative act.
Consequently, art. IV, sec. 22, of this state's constitution does not prevent the legislature from authorizing a town to veto a county zoning ordinance.
2. Shared Power
[3]
The plaintiff attacks sec. 59.97(5) (e)6., Stats., as conferring on two local governments the power to act simultaneously in the same area, zoning. Shared powers are permissible at our highest level of state government. The constitutional doctrine requiring separation of powers between the legislative, executive and judicial branches of state government is not violated if a power is shared. J.F. Ahern Co. v. Building Commission, 114 Wis. 2d 69, 103, 336 N.W.2d 679, 695 (Ct. App. 1983). We conclude that the delegated power shared by the town and the county has not been shown to violate the constitution.
3. One Person, One Vote Requirement
Plaintiff contends that allowing a town board to disapprove a county zoning ordinance disenfranchises the other citizens in the county. He argues that the town board's veto power therefore violates the "one-person, *310 one-vote" requirement of the fourteenth amendment to the United States Constitution and art. I, sec. 1, of the Wisconsin Constitution. State ex rel. Sonneborn v. Sylvester, 26 Wis. 2d 43, 132 N.W.2d 249 (1965), held that these constitutional provisions prohibit weighting a person's vote on the basis of where the person lives. The Sonneborn court mandated election of county board supervisors based on population rather than on the basis of political subdivisions such as municipalities and townships.
Sonneborn is not in point. A town has an interest in county zoning ordinances affecting it. The town board has veto power only over amendments to those ordinances affecting the town. It was conceded at oral argument that the action of the town board in this case does not affect land outside its boundaries. Town board members are elected either at large or by districts apportioned by population. Sec. 60.19, Stats.
[4]
The persons most directly affected by the ordinance, the town inhabitants, are equally represented in the town board's decision to approve or disapprove a change in a zoning ordinance. It is true that inhabitants throughout the countyindeed throughout the stateare affected by the town board's decision. The inhabitants of the town, however, are most directly and immediately affected. It is reasonable to weight their votes more heavily than those of other countyor stateinhabitants.
4. Compatibility of Town Veto with Art. IV, Secs. 22, 23 and 23a
Plaintiff argues that the town board veto conflicts with the following sections in Wis. Const. art. IV. Section 22 provides that the legislature may confer on the county boards of supervisors powers of a local, legislative and administrative character. Section 23 provides that the legislature may provide for the election at large of a *311 chief executive officer in any county with powers of an administrative character, and shall establish one or more systems of county government. Section 23a provides that every resolution or ordinance passed by a county board shall be presented to the chief executive officer, grants that officer a veto power, and provides that the veto may be overcome by a two-thirds vote of the members-elect of the county board.
First, plaintiff contends that because town boards are not elected at large as required for county executives, or in accordance with the districting plan for election of county supervisors, the town veto is invalid. Second, plaintiff asserts that because the enactment of a county zoning ordinance is the exercise of a legislative power, the constitution requires enactment by the county board. Finally, he asserts that vesting a legislative veto in a town board conflicts with the veto provisions in sec. 23 of art. IV.
[5]
We reject each contention. If plaintiff's arguments had substance, town boards could pass no local legislation whatever. But art. IV, sec. 23, continues to provide the legislature "shall establish but one system of town government . . ," implying that the power to adopt local legislation can be conferred on towns. This implication arises because towns "could not function without power of local, legislative and administrative character." Milwaukee v. Sewerage Comm., 268 Wis. at 354, 67 N.W.2d at 630. Nothing in the present constitution indicates an intention to overrule the declaration in Milwaukee v. Sewerage Comm. that the legislature may invest towns with the power to legislate on local matters. 268 Wis. at 354, 67 N.W.2d at 631.
5. Chief Executive's Veto
Plaintiff argues that if the town board's veto power is administrative, sec. 59.97(5) (e)6., Stats., violates Wis. Const. art. IV, sec. 23, which permits the legislature to *312 confer on a chief executive officer in a county "powers of an administrative character." Because we have held that the power is legislative, we need not pursue this issue.
6. Town Veto and Comprehensive Plan
Plaintiff contends that the town veto violates a requirement that zoning is unconstitutional if not enacted according to a comprehensive plan. He also argues that the statutes require that zoning follow a comprehensive plan. We reject both contentions.
[6]
A regularly enacted statute is presumed to be constitutional. The party attacking the statute must show its unconstitutionality beyond a reasonable doubt. Just v. Marinette County, 56 Wis. 2d 7, 26, 201 N.W.2d 761, 772 (1972). The authorities do not support the proposition that to be constitutional, zoning must be accomplished according to a comprehensive plan.
The supreme court of this state approved comprehensive zoning in State ex rel. American Oil Co. v. Bessent, 27 Wis. 2d 537, 135 N.W.2d 317 (1965), but has not decided whether zoning must be pursuant to a comprehensive plan. Although Cushman v. Racine, 39 Wis. 2d 303, 307, 159 N.W.2d 67, 69 (1968), noted that rezoning should be consistent with long-range planning and be based upon considerations which affect the whole community, this falls short of the proposition that a comprehensive plan is a precondition to constitutional zoning.
According to 3 Anderson, American Law of Zoning sec. 21.15, at 609 (2d ed. 1977), a comprehensive plan "is a guide to community development rather than an instrument of land-use control," and "adoption of a comprehensive plan does not effect an absolute limitation upon the zoning power of the legislative authority."
1 Yokley, Zoning Law and Practice 214 (4th ed. 1978) unequivocally states an opposite view: "Zoning must be accomplished in accordance with a comprehensive plan," *313 citing Klensin v. City of Tucson, 459 P.2d 316 (Ariz. Ct. App. 1969); Fasano v. Board of County Com'rs of Washington Cty., 507 P.2d 23 (Or. 1973); Township of Sparta v. Spillane, 312 A.2d 154 (N.J. Super. Ct. App. Div. 1973); Baker v. City of Milwaukie, 533 P.2d 722 (Or. 1975), and Allen v. Flathead Cty., 601 P.2d 399 (Mont. 1979).
The cases Yokley cites are not based on constitutional considerations. The Klensin court relied on an earlier edition of Yokley. 459 P.2d at 320. The Fasano court relied on a state statute as well as the same earlier edition of Yokley, a law review article, Haar, In Accordance With A Comprehensive Plan, 68 Harv. L. Rev. 1154 (1955), and 1 Rathkopf, The Law of Zoning and Planning sec. 9-1 (3d ed. 1969). 507 P.2d at 27. Haar discusses the Standard State Zoning Enabling Act, recommended by of the Department of Commerce in 1926, sec. 3 of which requires a zoning ordinance to be drawn "in accordance with a comprehensive plan."[1] That Act is not in effect in Wisconsin. Rathkopf also discusses the Standard State Zoning Enabling Act. See 1 Rathkopf, The Law of Zoning and Planning sec. 12.01, at 12-1 (4th ed. 1984). The Baker and Fasano decisions were both decided by the Oregon Supreme Court. Baker, 533 P.2d at 775. The Township of Sparta court did not hold that constitutional principles require zoning to be accomplished according to a comprehensive plan. The Allen court concluded that the Montana enabling statute required the adoption of a comprehensive development plan before the county could enact a zoning ordinance. 601 P.2d at 401.
In his discussion of the Standard State Zoning Enabling Act, Professor Mandelker concludes "[m]ost courts that have considered the question hold that the `in *314 accordance' requirement does not mandate preparation of an independently adopted land use plan as a condition to the exercise of the zoning power." Mandelker, Land Use Law sec. 3.15, at 57 (1982). According to Mandelker, Fasano is the only case in a state having planning legislation which requires the adoption of a comprehensive plan. Id. at 58. Professor Mandelker does not suggest that a comprehensive plan is required for constitutional purposes.
[7]
Plaintiff argues that secs. 59.97(1), (3) and (5d), Stats., require county zoning to be accomplished according to a comprehensive plan. We disagree. Section 59.97 (1) states the legislative purposes of zoning and concludes, "[t]o accomplish this purpose [sic] the county board of any county may plan for the physical development and zoning of territory within the county as set forth in this section . . . ." If the county creates a county zoning agency, that agency is directed under sec. 59.97(3) (a) to prepare "a county development plan." According to sec. 59.97(3) (d), "[t]he development plan shall serve as a guide for public and private actions and decisions to assure the development of public and private property in appropriate relationships." Section 59.97 (5) (d) pertains to the repeal of county zoning ordinance and reenactment of a comprehensive revision and has no relevance to the issue before us.
The direction in sec. 59.97(3) (d), Stats., that the county development plan "serve as a guide for public and private actions and decisions" does not require a zoning ordinance to comply with, adhere to or follow the plan. "[S]erve as a guide" is a general direction which allows departures. If reference to the plan as a "guide" meant more than a general direction, then many zoning ordinance amendments would first require an amendment to the development plan. Nothing in ch. 59 suggests such requirement.
*315 We conclude that plaintiff has not shown that the town veto violates a constitutional or statutory requirement that zoning conform to a comprehensive plan.
7. Procedural Due Process
Plaintiff contends that the town board denied him procedural due process of law in two respects. First, he contends that the board vetoed the amendatory county ordinance without giving him notice and an opportunity to be heard. Second, he contends that the town veto power is devoid of standards governing its exercise. He describes the veto as a naked power which permits the town board to exercise an unfettered discretion.
Conceding that zoning is legislative, Buhler, 33 Wis. 2d at 146, 146 N.W.2d at 408, plaintiff acknowledges that if small-site rezoning is also legislative, he was not entitled to procedural due process and prescribed standards governing the exercise of the town veto are not constitutionally required.
[8]
Because zoning is legislative, rezoning by amending the ordinance is also legislative. Howard v. Village of Elm Grove, 80 Wis. 2d 33, 42-43, 257 N.W.2d 850, 855 (1977) (quoting Buhler, 33 Wis. 2d at 146-47, 146 N.W. 2d at 407-08). The Howard decision is consistent with 2 Rathkopf, The Law of Zoning and Planning sec. 27.02 (2), at 27-5 (4th ed. 1984): "Since the grant of a rezoning is a legislative act, the governing body has considerable discretion whether to grant or deny the rezoning, and its decision will be upheld unless `arbitrary and capricious' or `beyond the realm of fair debate.'" (Footnote omitted.) That the ordinance amendment affects only a single or small site does not deprive the legislative process of its legislative quality.
Plaintiff urges that the better reasoned cases distinguish small-site or specific rezoning from large-scale rezoning. He argues that small-site zoning is administrative or judicial, and therefore we should examine his *316 due process contentions, citing Fasano v. Board of County Com'rs of Washington Cty, 507 P.2d 23 (Ore. 1973); Fleming v. City of Tacoma, 502 P.2d 327 (Wash. 1972); Bird v. Sorenson, 394 P.2d 808 (Utah 1964); and Palmer v. Township of Superior, 233 N.W.2d 14 (Mich. Ct. App. 1975). The Wisconsin supreme Court did not decide the point in Howard v. Village of Elm Grove, supra, although the rezoning in that case involved two specific parcels.
The Fasano court concluded that enacting zoning ordinances without regard to a specific parcel is a legislative exercise but that determining whether the use of a specific parcel should be changed is an exercise of judicial authority. 507 P.2d at 26. The rationale is that classifying a rezoning decision as legislative opens the door to arbitrary government because of the limited judicial review of legislative acts and overlooks the fact that the rights of property owners favoring and opposing rezoning are adjudicated.[2]Id. According to the Fleming court, amending a zoning code or reclassifying zoned land is an adjudication between the rights sought by the proponents and those claimed by the opponents of the change. 502 P.2d at 331. The Bird and Palmer courts held that an ordinance changing a zoning classification for a specific parcel is an administrative rather than a legislative act.
*317 [9]
We reject the reasoning of decisions holding that rezoning a specific or a small parcel is administrative or judicial rather than legislative action. An ordinance amendment is legislation because it changes the ordinance and does not execute or implement its provisions. See Milwaukee v. Sewerage Comm., 268 Wis. at 351, 67 N.W.2d at 629 (distinction between legislative and administrative power is whether discretion is conferred as to what shall be or as to execution).
To hold otherwise would be contrary to ch. 68, Stats., entitled Municipal Administrative Procedure. Chapter 68 provides a procedure for review of municipal administrative determinations. Sec. 68.01. It applies to counties. Sec. 68.04. Several types of determinations are nonreviewable under ch. 68, including an ordinance, resolution or adopted motion of the governing body, with exceptions not pertinent to rezoning ordinance amendments. Sec. 68.03(1).
The line between legislative and judicial actions may occasionally blur, but the fact is that an ordinance amendment, whether it affects a large or a small parcel, or many property owners or only one, is a decision to change an existing ordinance, a legislative function. It does not adjudicate existing rights where, as here, a property owner proposing a zoning change desires to use the property for a purpose not authorized by the ordinance. Nearby owners cannot claim a property interest in the present zoning of plaintiff's property. Heaney v. Oshkosh, 47 Wis. 2d 303, 308-09, 177 N.W.2d 74, 77 (1970); Eggebeen v. Sonnenburg, 239 Wis. 213, 218, 1 N.W.2d 84, 86 (1941).
The grant or denial of rezoning through an amendatory ordinance does not leave the persons affected without a remedy. Although zoning is a legislative function, judicial review exists in cases of abuse of discretion, excess *318 of power or error of law. Buhler, 33 Wis. 2d at 146, 146 N.W.2d at 408. Cushman v. Racine, 39 Wis. 2d 303, 307, 159 N.W.2d 67, 69 (1968). The Cushman court held that an amendatory ordinance changing the zoning of the single parcel involved was an abuse of legislative discretion and was unconstitutional and void because arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare. 39 Wis. 2d at 311, 159 N.W.2d at 71-72.
To declare that an act by a legislative body is judicial to obtain a greater scope of judicial review is, in our view, an unduly pragmatic approach which ignores the division of governmental functions according to their legislative, judicial or executive character. For us to convert a legislative function to a judicial function through a name change would substitute result orientation for functional analysis.
Having concluded that rezoning of plaintiff's parcel and the town's veto are legislative functions, we need not determine whether plaintiff was denied procedural due process by the town's exercise of its veto or whether the veto power is constitutionally infirm for lack of standards governing its exercise.
We conclude that the judgment dismissing Quinn's complaint must be affirmed.
By the Court.Judgment affirmed.
NOTES
[] Petition to review granted.
[1] See 5 Rathkopf, The Law of Zoning and Planning 765 et seq. (4th ed. 1984) for the text of the Act.
[2] See also Comment, Zoning AmendmentsThe Product of Judicial or Quasi-Judicial Action, 33 Ohio St. L.J. 130 (1972), stating that "the overwhelming majority view throughout the United States" is that amending a zoning ordinance is a legislative act, id. at 130 (footnote omitted), but rezoning individual tracts is judicial and should be treated as such to avoid "the confusion, corruption, and abuse of individual rights which is inherent in the process under the `legislative' . . . ." Id. at 143. The Supreme Court of Ohio has not adopted the conclusion that rezoning is a judicial act. See City of Moraine v. Board of Cty. Com'rs, 423 N.E.2d 184, 187 (1981) (rezoning of a parcel is a legislative function).