COURT OF APPEALS
DECISION
DATED AND FILED

October 23, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP2089**

Cir. Ct. No. **2024CV51**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

NANCY DAVIS, TYE M. GUSTINA, KENNETH J. KLASS,
LORI MARSHALL, ASA A. SARNOW,
NICHOLAS SCHNEIDER, ANNE AMES,
RONALD GREER, AND WEP ENTERPRISE, LLC,

   PLAINTIFFS-APPELLANTS,

 V.

CITY OF BELOIT, NANCY V. FORBECK, YUSUF ADAMA,
SHERRY BLAKELEY, KEVIN DAY, MARKESE TERRELL,
KEVIN LEAVY, REGINA DUNKIN, AND
CITY OF BELOIT CITY COUNCIL,

   DEFENDANTS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Rock County: JOHN M. WOOD, Judge. *Reversed and cause remanded with directions.*

Before Graham, P.J., Blanchard, and Kloppenburg, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.   Multiple property owners in a Beloit neighborhood (collectively, "the neighbors") filed this civil action against the City of Beloit, the City Council, and members of the Council (collectively, "the City").   The neighbors challenge a series of land-use decisions that the City Council made over the course of one month, which culminated in the rezoning of one parcel located near the neighbors' properties.   The rezoning allows higher density residential development on the parcel.   The neighbors' complaint states multiple causes of action.   The circuit court dismissed the action in its entirety.

¶2      The only claims pertinent to this appeal are those seeking common law certiorari review of a municipal action.   The neighbors argue that the circuit court erred in dismissing their claims for certiorari review after the court determined that the operative complaint fails to state a basis on which relief may be granted.

¶3      For purposes of resolving this appeal only, we do not attempt to look behind the shared assumption of the parties that common law certiorari applies to the neighbors' certiorari claims.   We also resolve this appeal based on the neighbors' implied concession on the following proposition: a circuit court that has not yet received the certiorari record may dismiss a common law certiorari claim based on the court's determination that the petitioner has failed to state a claim on which relief may be granted.   In addition, we accept the City's position that we need not address whether the neighbors have standing to pursue the certiorari claims.

2

¶4      With those points conceded or assumed for purposes of this appeal, we conclude that the circuit court did not err in dismissing the certiorari claims that are based on either of the following two theories advanced by the neighbors: that the land-use decisions here were not consistent with the local comprehensive plan, as required by WIS. STAT. § 66.1001(3)(g) and (k) (2023-24); and that the City Council was not impartial in making the land-use decisions.[1]  However, we conclude that the complaint states certiorari claims for which relief can be granted based on a third theory advanced by the neighbors—that the City's land-use decisions constituted illegal spot zoning.

¶5      Accordingly, we reverse the order dismissing the complaint and remand for further proceedings on the certiorari claims consistent with the legal conclusions that we explain below.

## BACKGROUND

¶6      The following are allegations included in the neighbors' operative complaint, with additional details provided in the Discussion section below as pertinent to specific issues.

¶7      Each of the neighbors owns property that is close to—in most cases, directly abutting—a parcel of land ("the parcel") on Beloit's west side.  The parcel is owned by a limited liability company that seeks to develop the property exclusively with rental units and at a higher rate of density than is permitted in the surrounding neighborhood, which consists primarily of single-family dwelling units.  The City's comprehensive plan was updated in November 2018, and that

---

[1]  All references to the Wisconsin Statutes are to the 2023-24 version.

plan designated the area in which the parcel is located as "Single-Family residential Urban." The development contemplated by the owner of the parcel would be at a density that the City allowed only in a "mixed residential" area and, before January 2024, the parcel was not zoned mixed residential. In January 2024, the City Council made the following decisions, now challenged by the neighbors, to allow for the increased density, each decision focused exclusively on the parcel: a new amendment to the City's comprehensive plan; an approval of a planned unit development ("PUD"); and a rezoning. We refer to these collectively as "the land-use decisions."

¶8     As pertinent to this appeal, the operative complaint filed by the neighbors against the City includes three counts that seek certiorari review. One count addresses the 2024 amendment to the comprehensive plan; a second addresses the PUD approval; and a third addresses the rezoning.

¶9     The neighbors contend that the complaint supports the certiorari claims based on three substantive legal theories, namely, that the land-use decisions: (1) violated the rule regarding consistency with local comprehensive plans provided in WIS. STAT. § 66.1001(3)(g) and (k); (2) were improperly influenced by a lack of impartiality by decisionmakers; and (3) constituted illegal spot zoning.

¶10     As pertinent to this appeal, the City moved to dismiss the certiorari claims on the ground that the complaint fails to state a claim for relief. The neighbors argued that the operative complaint contains sufficient allegations to establish that the land-use decisions "were arbitrary, oppressive, and unreasonable, not based on a correct theory of law, represented [the City's] will and not its judgment, and [that the City] failed to keep within its jurisdiction."

¶11    The circuit court dismissed the claims for certiorari review on the ground that the operative complaint fails to make specific allegations from which it could be inferred that "the City of Beloit actually did [anything] wrong." Instead, the court determined, the complaint merely alleges that the City Council made decisions that the neighbors disfavor. This included the court's statement that the complaint fails to provide sufficient allegations to support a claim of illegal spot zoning.

## DISCUSSION

### I. Concessions and Assumptions

¶12    *Common law certiorari*.    Strictly for purposes of resolving this appeal, we do not disturb the shared assumption of the parties that common law certiorari applies here.    This assumption could be questioned following the enactment of 2023 Wis. Act 16, which became effective in June 2023 and created WIS. STAT. § 781.10.[2]    *See **Ottman v. Town of Primrose***, 2011 WI 18, ¶¶35-36, 332 Wis. 2d 3, 796 N.W.2d 411 ("Common law certiorari is available whenever there is no express statutory method of review.").

¶13    *Procedural posture*.    Separately, but still on the topic of common law certiorari, another implied shared assumption of the parties is that a circuit court which has not yet received the certiorari record may dismiss a common law certiorari claim based on the court's determination that the complaint or petition

---

[2] Under the new law, with one exception that does not apply here, a final decision of a city on an application for a "permit or authorization for building, zoning, … or other activity related to residential development" may be reviewed only by an action for certiorari as provided under WIS. STAT. § 781.10.  *See* § 781.10(1), (2)(a).  When this section applies, the procedures set forth in § 781.10(2)(d) are to be used.

fails to state a claim on which relief may be granted. This assumption might be subject to question in light of the fact that, "in a common law writ of certiorari, we limit our review to the record of the agency when it made its decision," but we proceed based on the parties' shared assumption for purposes of this appeal. *See Halter v. Wisconsin Interscholastic Athletic Ass'n*, 2025 WI 10, ¶4, 29, 415 Wis. 2d 384, 19 N.W.3d 58; WIS. STAT. § 781.03(1) ("In an action or proceeding seeking an extraordinary remedy for which a record must be reviewed, the defendant shall cause the record to be transmitted to the clerk of court in which the action or proceeding is pending or shall give notice of the pendency of the action to the person in possession of the record."). We do not further address this procedural issue because the neighbors do not present a developed argument that the City could not properly move to dismiss based on a failure to state a claim without giving the parties and the court opportunities to consider the certiorari record.[3]

¶14 *Standing.* We also proceed based on the City's position that we need not address whether the neighbors have standing to pursue the certiorari claims. The City now states that it did not argue in the circuit court that the neighbors lacked standing to bring the certiorari claims, that the circuit court did not address that issue, and that this court need not address standing.

---

[3] The neighbors assert on appeal that the circuit court "effectively disenfranchised" them by dismissing the complaint "before examining the full certiorari record," but they do not develop an argument that the court was without authority to grant the City's motion to dismiss because that would be procedurally premature in a common law certiorari proceeding. It is also true that in the circuit court, at one point during the course of a dispute between the parties regarding the documents that the court could properly consider in connection with the City's motion to dismiss, counsel for the neighbors said that "the whole certiorari record should have been submitted and we should have been allowed to proceed under … common law certiorari." But again, this was not presented to the circuit court as a developed argument that the City's motion to dismiss was procedurally defective.

¶15     We emphasize that we do not intend to interpret or apply any legal rule regarding any of these three topics.  The circuit court may entertain arguments on any of them when and in the manner that the circuit court deems appropriate as part of its supervision and orderly management of the litigation moving forward.

## II.  Legal Standards

### A.  Motions to Dismiss

¶16     "A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint."  *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶19, 356 Wis. 2d 665, 849 N.W.2d 693.  We review de novo the circuit court's determination that the neighbors' complaint fails to state a claim.  *See id.*, ¶17.

¶17     A complaint must contain "[a] short and plain statement of the claim, identifying the ... occurrence ... out of which the claim arises and showing that the pleader is entitled to relief."  WIS. STAT. § 802.02(1)(a).  Accordingly, "a complaint must plead facts, which if true would entitle the plaintiff to relief" for a violation of applicable law.  *Data Key Partners*, 356 Wis. 2d 665, ¶21.  In order to satisfy this standard, the complaint must provide "more than labels and conclusions" or a mere "formulaic recitation of the elements of a cause of action."  *Id.*, ¶37.  Instead, there must be well-pleaded facts that would satisfy each element of a cause of action.  *Id.*, ¶21.

¶18     "[T]he sufficiency of a complaint depends on [the] substantive law that underlies the claim made because it is the substantive law that drives what facts must be pled."  *Id.*, ¶31.

**B. Common Law Certiorari**

¶19     Judicial review under certiorari is limited to the application of one or more of four standards, namely, whether the tribunal whose actions are challenged: "(1) stayed within its jurisdiction; (2) acted according to a correct theory of law; (3) acted arbitrarily, oppressively, or unreasonably; and (4) made a determination that was reasonable given the evidence before it." *Halter*, 415 Wis. 2d 384, ¶28.  Courts afford a presumption of correctness and validity to the decision of a local governmental body.  *Voters with Facts v. City of Eau Claire*, 2018 WI 63, ¶71, 382 Wis. 2d 1, 913 N.W.2d 131.

**III.  Merits**

¶20     Accepting the three concessions and assumptions summarized above, we now address the three substantive legal theories advanced by the neighbors to support their certiorari claims, explaining our conclusions on each.

**A.  Rule of Consistency**

¶21     The chapter of the Wisconsin Statutes addressing municipal law includes a section addressing "comprehensive planning," which provides in pertinent part that local mapping ordinances, subdivision ordinances, and zoning ordinances "shall be consistent with" a local government's comprehensive plan. *See* WIS. STAT. § 66.1001(3).  More specifically, as pertinent to the operative complaint's allegations:

> [I]f a local governmental unit enacts or amends any of the following ordinances, the ordinance shall be consistent with that local governmental unit's comprehensive plan:
>
> ....

8

(g) Official mapping ordinances enacted or amended under [WIS. STAT. §] 62.23(6).

….

(k) City or village zoning ordinances enacted or amended under [§] 62.23(7).

§ 66.1001(3)(g), (k).

¶22 The neighbors assert a position on this issue, but they do not develop a supported legal argument. They assert that the complaint alleges that "the rezoning violated the 2018 Comprehensive Plan" in violation of the rule of consistency. The neighbors acknowledge that the operative complaint alleges that the City amended the comprehensive plan before the rezoning. On its face, this would appear to settle this issue against the neighbors because, by the neighbors' own account in the complaint, the rezoning was consistent with the comprehensive plan that existed at the time of the rezoning. But the neighbors assert that the plan amendment constituted what they term a "spot amendment," which "itself violated the rule of consistency under WIS. STAT. § 66.1001[(3)]."

¶23 The neighbors do not even attempt to explain how the statute could be interpreted to prohibit what they call "spot amendments," and we do not discern an obvious way to interpret the statute in this way. We will not attempt to develop an argument for the neighbors. *See Doe 1 v. Madison Metro. Sch. Dist.*, 2022 WI 65, ¶35, 403 Wis. 2d 369, 976 N.W.2d 584 (courts "do not step out of our neutral role to develop or construct arguments for parties; it is up to them to make their case"). To cite only one example of the many potential issues that the neighbors do not address, they do not attempt to explain how the statute could be interpreted to establish any particular time frame, in advance of an allegedly illegal spot zoning, in which a plan amendment would or would not be deemed a "spot

amendment." For its part, the City also does not provide a developed argument on this issue, although it does briefly assert that the neighbors "offer nothing to support their argument" that the City engaged in an illegal "spot amendment."

**B. Bias**

¶24 Putting aside mere labels and conclusions, the operative complaint makes the following factual allegations related to the topic of a purported lack of impartiality: (1) at meetings to which the public was invited, staff employed by the City were "present to advocate for the developers" and; (2) the challenged land-use decisions are so obviously inappropriate and unlawful that they must be the product of partiality. We assume without deciding that these could constitute factual allegations to support a claim of improper bias by members of the City Council. With that assumption, we reject the neighbors' bias argument on the ground that the land-use decisions here were legislative acts and therefore the City Council members were not required to be impartial. *See Miller v. Zoning Bd. of Appeals of the Vill. of Lyndon Station*, 2022 WI App 51, ¶¶21-26, 33-42, 404 Wis. 2d 539, 980 N.W.2d 295. Neither the neighbors nor the City mention *Miller*, nor does either side develop arguments regarding the principles of law in *Miller* that address legislative actions. In any case, *Miller* appears to squarely resolve this issue, and the neighbors provide no argument that could undermine that proposition.

¶25 But we caution that our determination on this issue is only that the neighbors fail to state a claim based on a theory of bias. We express no view about how facts and circumstances reflected in the certiorari record could potentially support factual allegations relating to alleged partiality or favoritism by

10

pertinent decisionmakers that might be relevant to the neighbors' illegal spot zoning theory.

### C. Illegal Spot Zoning

¶26 The neighbors argue that dismissal of the certiorari claims is not appropriate because the operative complaint alleges that the City's land-use decisions constitute illegal spot zoning. The City offers little in the way of a substantive response but primarily asserts that the complaint alleges no relevant facts.[4] Without expressing any view as to how the merits of this issue may appear once the certiorari record is produced and both sides have had a chance to make arguments based on that record, we conclude that it was error to dismiss the certiorari claims at this stage in the proceedings because a claim of illegal spot zoning is stated in the complaint.

¶27 This court has summarized the applicable legal standards as follows, including the fact that spot zoning, while it is not per se illegal, may violate the Fourteenth Amendment's Equal Protection Clause under certain circumstances:

> Judicial review of spot zoning determinations is limited to cases involving abuse of discretion, excess of power[,] or error of law. **Buhler v. Racine County**, 33 Wis. 2d 137, 146, 146 N.W.2d 403 (1966). As long as the legislative body acts within the sphere of its authority, its discretion is controlling. **Cushman v. City of Racine**, 39 Wis. 2d 303, 307, 159 N.W.2d 67 (1968).

---

[4] We note that, while the neighbors' three separate certiorari claims challenged, respectively, the 2024 amendment to the comprehensive plan, the PUD approval, and the rezoning, we have followed the parties in generally lumping the three claims together in our discussion. The City does not distinguish among the three certiorari claims in a way that would provide a basis for this court to affirm the circuit court's dismissal of some of the three claims but not others, and accordingly we discuss this topic no further.

> Spot zoning is the practice of allowing a single lot or area special privileges which are not extended to other land in the vicinity in the same use district. *Howard v. Village of Elm Grove*, 80 Wis. 2d 33, 41, 257 N.W.2d 850 (1977). Spot zoning is not per se illegal. *Ballenger v. Door County*, 131 Wis. 2d 422, 426, 388 N.W.2d 624 (Ct. App. 1986). However, rezoning should be consistent with long-range planning and based on considerations which affect the whole community. *Bell v. City of Elkhorn*, 122 Wis. 2d 558, 568, 364 N.W.2d 144 (1985). Thus, spot zoning should only be indulged in where it is in the public interest and not solely for the benefit of the property owner who request[s] rezoning. *Cushman*, 39 Wis. 2d at 309.

*Bubolz v. Dane County*, 159 Wis. 2d 284, 297, 464 N.W.2d 67 (Ct. App. 1990).

¶28 The neighbors contend that the complaint here sufficiently alleges facts supporting a claim of illegal spot zoning. They note that the operative complaint alleges that: the land-use decisions permit the parcel's owner to develop the parcel with dense rental housing; the parcel is located within a neighborhood that, aside from this lone parcel starting in January 2024, is zoned to not permit such development and consists of single-family residences; and that densely developing the parcel would be contrary to the longstanding history of land uses in the neighborhood, including the 2018 comprehensive plan and "generations" of people relying on the parcel as a park and a wildlife refuge, and also contrary to a vote of the City's Plan Commission to deny the PUD master land use plan and the zoning change of the parcel.

¶29 Further, on the issue of the public interest, the operative complaint alleges in some detail features of, and circumstances surrounding the creation of, the 2018 comprehensive plan, such as that it was prepared based on factors that included "overall development trends, location and availability of vacant land in the City, location of areas logical for future development based on existing development, environmental constraints, public and property owner input"; the

12

plan's "overall vision"; and an implication that the City took a dramatically less careful and comprehensive approach in January 2024. The operative complaint further alleges that the land-use decisions of January 2024 "violate[] the traditional and historic uses of the property, violate[] city policy on parks and open spaces, violate[] the policy of rental versus ownership ratios," and "set the stage for the construction of a dense development in a location that is utterly unsuitable for that type of development." If these allegations, combined with all reasonable inferences in the neighbors' favor, were borne out by the certiorari record, this could at least in theory support a claim of illegal spot zoning. *See **Hubbard v. Neuman***, 2025 WI 15, ¶15, 416 Wis. 2d 170, 20 N.W.3d 720 (appellate courts are to "liberally construe" complaints and to "dismiss only if it is clear that under no circumstances can the claimant recover").

¶30 The City does not come to grips with the substance of the neighbors' argument, nor does it address relevant factual allegations in the complaint. Instead, the City flatly asserts that the neighbors have not included in the complaint any allegations of fact relevant to the legal theory of illegal spot zoning. This is not accurate, as our summaries above reveal. It is true, as the City asserts, that the operative complaint is "replete with legal conclusions," but it also contains numerous allegations of fact. The City asserts that allegations regarding violations of local policies in the operative complaint are purely legal conclusions, but it does not support the point with legal authority or analysis.

¶31 In sum on this issue, assuming in favor of the neighbors all reasonable inferences arising from allegations in the complaint, it can be construed to allege that the challenged land-use decisions were not "consistent with long-range planning and … based on considerations which affect the whole community," *see **Bell***, 122 Wis. 2d at 568, and that the decisions should not be

"indulged" because they are not "in the public interest" and instead are "solely for the benefit of the property owner who requests rezoning," *see Cushman*, 39 Wis. 2d at 309. Put differently, the City does not develop an argument that the January 2024 amendment of the comprehensive plan necessarily and completely forecloses any argument that the rezoning was not, in the words of *Bell*, "consistent with long-range planning and … based upon considerations which affect the whole community." We cannot speculate about what relevant facts may be in the certiorari record.

¶32    In this same vein, we emphasize that we make no assessments or predictions about the potential merits of the arguments that either side may make when the circuit court considers the contents of the certiorari record in light of the four certiorari standards. We decide today only that the City fails to show that the certiorari claims should be dismissed for failure to state a claim based on the lack of factual allegations in the complaint, in light of the potential viability of the illegal spot zoning theory.

## CONCLUSION

¶33    For all these reasons, we reverse the circuit court's dismissal of the certiorari claims in the operative complaint.

*By the Court.*—Order reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

14