394 P.2d 808

**Dorothy M. BIRD, Plaintiff and Appellant,**

v.

**Olive SORENSON, City Recorder, Defendant and Respondent,**

**Harold L. Welch and Dee Glen Smith, Intervenors and Respondents.**

**No. 10050.**

Supreme Court of Utah.

Aug. 13, 1964.

Froerer, Horowitz, Richards, Parker & Thornley, Ogden, for appellant.

David S. Kunz, of Kunz & Kunz, Olmstead, Stine & Campbell, Ogden, for respondent.

CALLISTER, Justice.

The City of Washington Terrace has in effect a master zoning plan ordinance. Subsequent to its adoption, the City Council passed an ordinance changing the classification of certain property from residential

to commercial use. Plaintiff, a taxpaying resident and elector, sought to have the latter ordinance submitted to a referendum vote. Defendant, City Recorder Olive Sorenson, refused to accept plaintiff's petition, and the latter sought a writ of mandamus. Intervenors are the holders of an option to purchase the property involved. The lower court dismissed her petition and plaintiff appeals.

The ordinance in question was passed after the requested change had been studied and recommended by the planning commission and after a public hearing had been held.[1] The determinative question is whether or not the action of the City Council was administrative or legislative. If the former, it is not subject to referendum. We so hold, based upon logic and prior decisions of this court.[2] If each change in a zoning classification were to be submitted to a vote of the city electors, any master plan would be rendered inoperative. Such changes are administrative acts implementing the comprehensive plan and adjusting it to current conditions.

Affirmed. Costs to defendants.

HENRIOD, C. J., and McDONOUGH, CROCKETT and WADE, JJ., concur.

1. 10-9-20, U.C.A.1953.
2. Keigley v. Bench, 97 Utah 69, 89 P.2d 480, 122 A.L.R. 756 (1939); Shriver v. Bench, 6 Utah 2d 329, 313 P.2d 475

(1957); see also: Kelley v. John, 162 Neb. 319, 75 N.W.2d 713 (1956) and 5 Utah L.Rev. 414 (1957).