Donald J. QUINN, Plaintiff-Appellant-Petitioner,

v.

The TOWN OF DODGEVILLE, a Wisconsin municipality, Timothy F. Blotz, Robert Meudt and Norman Olson, as members of Town Board of the Town of Dodgeville, Iowa County, Wisconsin, Claire Olson, as County Clerk of Iowa County, Wisconsin, Kenneth Palzkill, Iowa County Zoning Administrator, and The Iowa County Zoning and Planning Committee, Defendants-Respondents.

Supreme Court

No. 82–1932. Argued January 30, 1985.—
Decided February 27, 1985.

(Also reported in 364 N.W.2d 149.)

For the plaintiff-appellant-petitioner there was a brief by *Robert D. Sundby* and *DeWitt, Sundby, Huggett, Schumacher & Morgan, S.C.,* Madison, and oral argument by *Robert D. Sundby.*

For the defendants-respondents there was a brief (in court of appeals) by *Roger J. Mueller* and *Hamilton & Mueller, S.C.,* Dodgeville, and *Paula K. Doyle,* Middleton, and oral argument by *Roger J. Mueller.*

STEINMETZ, J.    Donald J. Quinn, a property owner, sought judgment declaring unconstitutional sec. 59.97 (5) (e) 6, Stats., which grants town boards the power to veto county zoning ordinance amendments.  The circuit court for Iowa county, James P. Fiedler, Judge, dismissed the complaint pursuant to defendants' motion for summary judgment.  Quinn appealed to the court of appeals and after the court of appeals affirmed the trial court,[1] he petitioned this court for review which was accepted.

Plaintiff Quinn presents this court with six issues:

(1)  Does sec. 59.97 (5) (e) 6, Stats.,[2] empowering a town board to approve or disapprove a zoning ordinance

---

[1] *Quinn v. Town of Dodgeville,* 120 Wis. 2d 304, 354 N.W.2d 747 (Ct. App. 1984).

[2] Sec. 59.97 (5) (e) 6, Stats., provides:

"**59.97 Planning and zoning authority.** . . . 6. If any such amendatory ordinance makes only the change sought in the petition and if the petition was not disapproved at or within 10 days after the public hearing by the town board of the town affected in

enacted by the county board, violate Wisconsin Constitution Article IV, sec. 22,[3] authorizing the legislature to confer upon county boards powers of a local, legislative and administrative character?

the case of an ordinance relating to the location of district boundaries or by the town boards of a majority of the towns affected in the case of all other amendatory ordinances, it shall become effective on passage. The county clerk shall record in his office the date on which such ordinance becomes effective and he shall notify the town clerk of all towns affected by such ordinance of such effective date and also insert such effective date in the proceedings of the county board. Any other such amendatory ordinance when so adopted shall within 7 days thereafter be submitted in duplicate by the county clerk by registered mail to the town clerk of each town in which lands affected by such ordinance are located. If after 40 days from the date of such adoption a majority of such towns have not filed certified copies of resolutions disapproving such amendment with the county clerk, or if, within a shorter time a majority of the towns in which the ordinance is in effect have filed certified copies of resolutions approving the amendment with the county clerk, the amendment shall thereupon be in effect in all of the towns affected by the ordinance. Any such ordinance relating to the location of boundaries of districts shall within 7 days after adoption by the county board be transmitted by the county clerk by registered mail only to the town clerk of the town in which the lands affected by such change are located and shall become effective 40 days after the adoption of the ordinance by the county board unless such town board prior to such date files a certified copy of a resolution disapproving of such ordinance with the county clerk. If such town board approves the ordinance, said ordinance shall become effective upon the filing of the resolution of the town board approving same with the county clerk. The county clerk shall record in his office the date on which such ordinance becomes effective and he shall notify the town clerk of all towns affected by such ordinance of such effective date and also make such report to the county board, which report shall be printed in the proceedings of the county board."

[3] Article IV, sec. 22 of the Wisconsin Constitution provides:

"**Powers of county boards.** SECTION 22. The legislature may confer upon the boards of supervisors of the several counties of the state such powers of a local, legislative and administrative character as they shall from time to time prescribe."

The trial court and court of appeals held that Wisconsin Constitution Article IV, sec. 22, does not prevent the legislature from simultaneously delegating to a county board and a town board the shared power of zoning.

(2) Does the town board's right under sec. 59.97 (5) (e) 6, Stats., to approve or disapprove a zoning ordinance amendment adopted by a county board violate the one-person, one-vote requirement of the Fourteenth Amendment to the United States Constitution[4] and Article I of the Wisconsin Constitution?[5]

The trial court and court of appeals held that because the zoning amendment directly and immediately affected the inhabitants of the town of Dodgeville, it was reasonable to weigh their votes more heavily than those of the county or state inhabitants.

(3) Does the delegation of power to approve or disapprove a county zoning amendment to a town board violate the legislature's delegation of power to a county board under Article IV, secs. 22, 23 and 23a, Wisconsin Constitution, the creation of a county executive and the executive's veto power?

The court of appeals rejected this contention relying on its interpretation that nothing in the state constitu-

---

[4] Amendment Fourteen, sec. 1 of the United States Constitution provides:

"Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

[5] Article I, sec. 1 of the Wisconsin Constitution provides:

"Equality; inherent rights. SECTION 1. All people are born equally free and independent, and have certain inherent rights; among these are life, liberty and the pursuit of happiness; to serve these rights, governments are instituted, deriving their just powers from the consent of the governed."

tion indicates an intention to prohibit the power of the legislature to invest towns with the power to legislate on local matters.

(4) Does the town board's exercise of power under sec. 59.97(5)(e)6, Stats., to approve or disapprove a zoning ordinance amendment adopted by a county board violate the comprehensiveness of the existing county zoning ordinance and therefore render it unconstitutional?

The trial court held it must be presumed that the actions of the town board and county board are consistent with the overall comprehensive plan. The court of appeals held that the authorities do not support the proposition that to be constitutional, zoning must be accomplished in accordance with a comprehensive plan.

(5) Did the town board's exercise of power under sec. 59.97(5)(e)6, Stats., deprive plaintiff of his rights to procedural due process and equal protection required by the Fourteenth Amendment to the United States Constitution?

The trial court dismissed this claim noting that Quinn attended all meetings material to the issues raised in his complaint. The court of appeals held that the rezoning of a specific or small parcel is not an administrative or judicial act, but is a legislative act and having so concluded, the court felt there was no need to determine whether the plaintiff was denied due process of law or whether the veto power is constitutionally infirm for lack of standards.

(6) If sec. 59.97(5)(e)6, Stats., empowering a town board to approve or disapprove a zoning ordinance amendment adopted by a county board is unconstitutional, is that portion severable from the remainder of sec. 59.97?

Because the court of appeals sustained the statute and the town board's action against constitutional attack, it was not necessary for the court to decide this issue.

Quinn is the owner of a 5.6 acre parcel of land which is the subject of this dispute. It is located on state Highway 23 in Iowa county in the town of Dodgeville and opposite Governor Dodge State Park. Under sec. 3 of the present Iowa county zoning ordinance, Quinn's land is zoned Agricultural District. Such classification under sec. 3.3 of that ordinance permits Quinn's land to be used only for agriculture and related activities.

Prior to May 13, 1981, Quinn petitioned the Iowa county planning and zoning committee under sec. 2.3 of the ordinance and sec. 59.97(5), Stats., requesting his property be rezoned B–2 or Business/Highway District. Such classification would permit Quinn to operate an ice cream parlor, restaurant, craft shop and health food store. On May 13, 1981, the Iowa county zoning and planning committee held a public hearing on Quinn's rezoning petition. As was the customary practice, the town board met in a joint session with the county board. Following that joint hearing, the county zoning and planning committee recommended to the Iowa county board of supervisors that it deny Quinn's petition to rezone his property. It appears that the town board at the same meeting voted against Quinn's requested zoning change.

On May 19, 1981, the county board rejected the recommendation of the zoning and planning committee and returned Quinn's petition with instructions that an amendment to the county zoning ordinance be prepared to effect the proposed change. Quinn attended that meeting and addressed the county board. The zoning and planning committee complied and on June 23, 1981, the amendment rezoning Quinn's property was adopted by the county board. On July 14, 1981, after public notice, the town board met in special session and by a vote of 2 to 1 adopted a resolution vetoing and disapproving the action of the county board rezoning the Quinn property. Quinn attended that meeting as well. One week later,

the county board accepted the resolution adopted by the town board as a veto of its decision of June 23, 1981, and took no further action.

The issues were brought to the trial court on motions for summary judgment by both sides. The material facts are undisputed and only issues of law remain for resolution. It is well settled that we review questions of law de novo without being bound by the decision of the trial court or the court of appeals.

Plaintiff contends the action taken by the town board pursuant to its statutorily conferred power was unconstitutional and asserts several arguments predicated on the alleged unconstitutionality of particular legislative enactments. It is well settled that the law in this state presumes all legislative acts are constitutional, and the petitioner in order to prevail must prove the opposite by a standard beyond a reasonable doubt. *State ex rel. McCormack v. Foley*, 18 Wis. 2d 274, 279, 118 N.W.2d 211 (1962). It is insufficient to merely establish doubt as to an act's constitutionality nor is it sufficient to establish the act is probably unconstitutional. This court indulges every presumption and will sustain the law if at all possible. If any doubt exists as to a law's unconstitutionality, it will be resolved in favor of its validity. *State ex rel. Hammermill Paper Co. v. La Plante*, 58 Wis. 2d 32, 46, 205 N.W.2d 784 (1973) ; and, "If there is any reasonable basis for the exercise of the legislative power, we are obliged to uphold the enactment." *Watchmaking Examining Bd. v. Husar*, 49 Wis. 2d 526, 531, 182 N.W.2d 257 (1971). We are not concerned with the merits of the legislation under attack nor are we concerned with the wisdom of what the legislature has done. *Gottlieb v. Milwaukee*, 33 Wis. 2d 408, 415, 147 N.W.2d 633 (1967), *see also Chicago & N.W.R. Co. v. La Follette*, 27 Wis. 2d 505, 521, 135 N.W.2d 269 (1965).

*Legislative Character*

We held in *Buhler v. Racine County,* 33 Wis. 2d 137, 146, 146 N.W.2d 403 (1966), that zoning is a legislative function. The power to zone is delegable to a county board under Wisconsin Constitution Article IV, sec. 22. The delegability of legislative powers to the county boards does not prevent the simultaneous delegation of the same power to town boards. Wisconsin Constitution Article IV, sec. 23 authorizes the establishment of towns and in *Milwaukee v. Sewerage Comm.,* 268 Wis. 342, 354, 67 N.W.2d 624 (1954), we held that towns could not function without local, legislative and administrative powers. In *Milwaukee v. Sewerage Comm.* we stated:

"Since the delegation by the legislature of local, legislative and administrative power is not prohibited by the constitution, the legislature may properly invest local units, including towns, with power to legislate in respect to matters of local character.

"It is a well-settled rule, supported with practical unanimity by the authorities, that the general doctrine prohibiting the delegation of legislative authority has no application to the vesting in political subdivisions of power of government matters which are local in scope."

We endorse the statement of the court of appeals in *Quinn v. Town of Dodgeville,* 120 Wis. 2d 304, 309, 354 N.W.2d 747 (Ct. App. 1984), that:

"The power to prevent a change in the permitted uses to which land can be put is the power to preserve an existing zoning. The town's power to veto a county zoning ordinance amendment is as legislative as the power to zone. It is comparable in effect to a zoning authority's refusal to amend the ordinance, which, according to 4 Anderson, *American Law of Zoning,* sec. 25.08, at 214 (2d ed. 1977), most courts regard as a legislative act."

We stated in *Milwaukee v. Sewerage Comm.,* 268 Wis. 2d at 351:

"The true test and distinction whether a power is strictly legislative, or whether it is administrative and merely relates to the execution of the statutory law, is between the delegation of power to make the law, which necessarily involves a discretion as to what it shall be, and conferring authority or discretion as to its execution, to be exercised under and in pursuance of the law."

A veto of an amendment to a zoning ordinance is lawmaking and therefore legislative. It is not a judicial act involving the interpretation or application of law, nor does it carry a law into execution or implementation.

### Shared Power

Article IV, sec. 22 of the Wisconsin Constitution provides the legislature may confer upon the boards of supervisors of the several counties such powers of a local, legislative and administrative character as the legislature shall from time to time prescribe. The plaintiff contends that the constitution allows delegation of local power only to county boards, and a veto power, therefore, cannot be simultaneously delegated to town boards, as it diffuses their legislative authority.

The plaintiff relies on *Marshall v. Dane County Board of Supervisors,* 236 Wis. 57, 294 N.W. 496 (1940) and *Meade v. Dane County,* 155 Wis. 632, 145 N.W. 239 (1914). The *Meade* court struck down a statute providing for a veto referendum of any county ordinance and held Wisconsin Constitution Article IV, sec. 22 prohibits delegating to the electors the powers which sec. 22 requires be delegated to a county board. *Id.* at 644. Applying *Meade,* the *Marshall* court struck down a statute providing that when presented with a petition signed by fifteen percent of the voters, the county board must establish a civil service system and pension system or submit the question to a referendum. 236 Wis. at 59.

Neither *Meade* nor *Marshall* are controlling precedent applicable inferentially or otherwise for the resolution of the instant issue. The *Meade* and *Marshall* cases concerned the repeal of legislation by vote of electors, not another body of elected representatives. The constitution does not provide for the delegation of legislative power to the electors as it does to the town board under article IV, sec. 23. Here, the legislature has affirmatively bestowed the power to act upon both the elected members of the county board and town board concurrently.

The county planning and zoning statute, sec. 59.97, Stats., part of which is challenged, provides towns with a role in the zoning process. In sec. 59.97(5)(c)[6] a town has the power to approve or disapprove the initial county zoning ordinance which will affect the town. Section 59.97(5)(e)6, grants towns the power to approve or disapprove amendments to the county zoning ordinance. The town board's power to approve or disapprove amendments follows logically from the power to approve or disapprove the original or initial zoning ordinance.

"[S]ince zoning is a legislative function, judicial review is limited and judicial interference restricted to cases of abuse of discretion, excess of power, or error of

[6] Sec. 59.97(5)(c), Stats., provides:

"(c) A county ordinance adopted as provided by this section shall not be effective in any town until it has been approved by the town board. If the town board approves an ordinance adopted by the county board, as provided by this section, a certified copy of the approving resolution attached to one of the copies of such ordinance submitted to the town board shall promptly be filed with the county clerk by the town clerk. Such ordinance shall become effective in such town as of the date of such filing, which filing shall be recorded by the county clerk in his office, reported to the town board and the county board, and printed in the proceedings of the county board. Such ordinance shall supersede any prior town ordinance in conflict therewith or which is concerned with zoning, except as provided by s. 60.62."

law." *Buhler,* 33 Wis. 2d at 146. Because article IV, sec. 22 of this state's constitution does not prevent the legislature from authorizing a town to veto a county zoning ordinance, we find no abuse of discretion, excess of power or error of law on the part of the town board's action.

The delegated power shared by the town and the county does not violate the constitution. The doctrine of shared powers in this state is well recognized as permissible between the legislative, executive and judicial branches of state government. *See J.F. Ahern Co. v. Building Commission,* 114 Wis. 2d 69, 103, 336 N.W.2d 679 (Ct. App. 1983). There is no prohibition in the state constitution against the legislature providing for shared powers between state created county and town government. Moreover, there is certainly a reasonable basis for the exercise of the towns' legislative power under sec. 59.97 (5) (e) 6, Stats., which provides the town board of the town affected may approve or disapprove a county board adopted amendment. It is reasonable to believe on the face of this statute that the legislature intends the town boards to serve as a political check on the otherwise unfettered discretion of the county board in wielding its legislative zoning power. Elected by the residents of the town, the town board operates with its mandate, to preserve and protect the best interests of its constituents.

*One Person, One Vote Requirement*

The legislature has recognized the town has an interest in county zoning ordinances and has granted it veto power in sec. 59.97 (5) (e) 6, Stats., over applicable zoning amendments. In this case, the parties have conceded that the action of the town board does not affect land outside its boundaries.

The three town board members in this case are elected on a town-wide basis pursuant to sec. 60.19, Stats. 1981–82.[7] Each resident of the town has an equal vote in selecting the town board members. The inhabitants of the town are most directly affected by the county zoning ordinance and they are equally represented in the town board's decision to veto the county amendment to the zoning ordinance. Even though inhabitants throughout the county are affected by the town board's decision, the direct and immediate effect of the ordinance is on the town's residents, and it is reasonable that their votes through their town board representatives weigh more heavily than those of other county inhabitants.

### Executive Veto and Administrative Power

Plaintiff asserts article IV, sec. 23a of the Wisconsin Constitution, vests the power to veto county board legislation exclusively in the county executive and thereby precludes the town board from simultaneously possessing the same veto power. Plaintiff alternatively argues because article IV, sec. 23 confers upon the county executive "powers of an *administrative* character," the county executive's power to veto county board adopted legislation under sec. 23a is, *a fortiori,* an "administrative power." (Emphasis added.) Therefore, plaintiff argues by analogy, the town board's power to veto county board adopted legislation is likewise an administrative power. Plaintiff cites *State ex rel. Humble Oil & Ref. Co. v. Wahner,* 25

---

[7] Sec. 60.19(1)(a), Stats. 1981–82 provides in relevant part:

"**60.19 Election of officers; special provisions.** (1)(a) Biennially, in the odd-numbered years, each town shall elect the following officers: 3 supervisors except when the number of supervisors has been increased under par. (am) . . . ."

Section 60.19, Stats., has subsequently been repealed and re-created, in relevant part, as sec. 60.30(1) by Laws of 1983, Act 532, sec. 7, effective January 1, 1985.

■

Wis. 2d 1, 130 N.W.2d 304 (1964) for the recognized proposition that administrative powers must be exercised in accordance with adopted standards. Because the town board's power to veto county board adopted legislation is not circumscribed by standards required for administrative decisions, plaintiff argues it is unconstitutional. We find, as to plaintiff's latter argument, the power of veto granted to the town board is legislative power not administrative power, and, therefore, we reject plaintiff's argument it need be circumscribed by appropriate adopted standards. As to the plaintiff's former argument, we find the rule *expressio unius est exclusio alterius,* an expression of one thing is the exclusion of another, is inapplicable and the power to veto is constitutionally and legally lodged concurrently in the county executive and the town board. The rule *expressio unius est exclusio alterius* should not be invoked "where the result will be to limit the plenary power of the legislature by implication." *Ferguson v. Kenosha,* 5 Wis. 2d 556, 564–65, 93 N.W.2d 560 (1958).

*Town Veto and Comprehensive Plan*

■

Plaintiff argues that sec. 59.97(5) (e) 6, Stats., granting town boards the power to veto county board adopted amendments, conflicts with the requirement of comprehensive planning as he interpreted sec. 62.23(7) (c) to require. In *Bell v. City of Elkhorn,* 122 Wis. 2d 558, 364 N.W.2d 144 (1985), filed this same date, we decided that an independent document separate from the zoning ordinance and zoning map is not statutorily required, but that comprehensive planning as evidenced from the municipal zoning ordinance satisfies the requirements of the law. Here, the legislature in enacting sec. 59.97(5) (e) 6 recognized the need for town board input to effect a deliberative county-wide planning process. In particular, the legislature deter-

mined it appropriate to give town boards the power to veto county board zoning amendments and thus become an integral and effective factor in the planning process. In *Bell,* we stated one of the objectives sought by the requirement of a comprehensive plan is "effecting political and technical coordination in community development." (Page 565.) The interaction between town and county government assists in the effectuation of that goal. The town's veto of the county board zoning amendment preserved the status quo and there has been no showing that the use of the veto blocked or interfered with any county comprehensive planning, but rather, the veto precluded a single parcel deviation from the existing planning. The record is sparse as to any attempt by the plaintiff to demonstrate that Iowa county did not have a comprehensive plan or that the county did not do comprehensive planning. The town veto does not violate a constitutional or statutory requirement.

### Procedural Due Process

Plaintiff contends the town board denied him due process by vetoing the amendatory county ordinance because sec. 59.97 (5) (e) 6, Stats. does not *require* notice and an opportunity to be heard. Also, he contends that the town veto power is without standards governing its exercise.

Zoning is legislative action and rezoning by amending the ordinance is equally legislative. *Howard v. Village of Elm Grove,* 80 Wis. 2d 33, 42–43, 257 N.W.2d 850 (1977) held: "[S]pot zoning is a form of rezoning . . . 'zoning is a legislative function.'" Citing *Buhler v. Racine County,* 33 Wis. 2d 137, 146. The action does not lose its legislative character simply because the number of people affected or the size of the land is small. We

disagree with the other authorities who have found to the contrary.[8] An ordinance amendment is legislation since it changes the ordinance but does not execute or implement its provisions.

The plaintiff was not without remedy or review of the town board's veto action. Although it is a legislative function, judicial review exists in cases of abuse of discretion, excess use of power or error of law. *Buhler,* 33 Wis. 2d at 146; *Cushman v. Racine,* 39 Wis. 2d 303, 307, 159 N.W.2d 67 (1968). The *Cushman* court found that an amendatory ordinance changing the zoning of a single parcel of land was an abuse of legislative discretion and was therefore unconstitutional and void because arbitrary and unreasonable and having no substantial relation to the public health, safety, morals or general welfare. *Id.* at 311.

The trial court found the plaintiff was given notice of and attended all relevant meetings of the town board. The record is silent as to the process accorded plaintiff in the July 19, 1981, meeting of the town board which he attended. As to each of the prior county and town board meetings, plaintiff was given notice and as was customary practice, was accorded the opportunity to be heard, which he accepted. As the trial court stated: "In addition, the legislature has addressed the problem of due process. Sec. 59.97(6) implies that the public hearing mandated by sec. 59.97(5)(e)2 is sufficient to meet the requirements of due process."

The standards for the objectives sought in the zoning process are present in sec. 59.97, Stats. In sec. 59.97 (3)(b), (c) and (d) the content and goals of the land

---

[8] *Woodland Hills Constr. Assn. v. City of Jackson,* 443 So. 2d 1173 (Miss. 1983); *Fasano v. Bd. of City Comm.,* 264 Ore. 574, 507 P.2d 23 (1973); *Fleming v. Tacoma,* 81 Wash. 2d 292, 502 P.2d 327 (1972); *Bird v. Sorenson,* 16 Utah 2d 1, 394 P.2d 808 (1964); *Palmer v. Superior,* 60 Mich. App. 664, 233 N.W.2d 14 (1975).

use plan are stated. In addition, sec. 59.97 (4) (a)–(k) set out specific guidelines.

Since the rezoning of plaintiff's parcel and the town's veto of that amendatory ordinance are legislative functions and sec. 59.97, Stats., itself provides standards governing both the exercise of the county amendatory ordinance and the town's veto and also provides for a public hearing, which was conducted, and the right of the plaintiff to appear, which he did, we need not discuss further the claim of the plaintiff of a denial of due process by the town's exercise of its veto nor the plaintiff's claim of the lack of standards governing the exercise of the veto. His position, though known, was not accepted by the town board acting legislatively and the veto was exercised without violating any constitutional or statutory standards or requirements.

## Conclusion

In establishing town government, the framers of this state's constitution recognized the benefit of local control. Section 59.97 (5) (e) 6, Stats., facilitates the responsible development of local county/town land use by a unified county/town board governmental structure. The power to locally zone is shared between town and county governments and that fact accentuates the importance and value in deliberative land use development. As such, we find it violates no constitutional provision.

We reaffirm the principle that because "zoning is a legislative function, judicial review is limited and judicial interference restricted to cases of abuse of discretion, excess of power, or error of law." *Buhler,* 33 Wis. 2d at 146. We find no abuse of discretion, excess of power nor error of law and we find plaintiff has failed to prove the unconstitutionality of sec. 59.97 (5) (e) 6 beyond a reasonable doubt. Because any reasonable doubt as to

a law's unconstitutionality must be resolved in its favor, we affirm the court of appeals decision.

*By the Court.*—The decision of the court of appeals is affirmed.