R. ROTH JUDD, Executive Director Ethics Board
1987 Wisconsin Act 365 repealed section 16.49, Stats., and replaced it with section 19.45(12), which reads:
 No agency, as defined in s. 16.52(7), or officer or employe thereof may present any request, or knowingly utilize any interests outside the agency to present any request, to either house of the legislature or any member or committee thereof, for appropriations which exceed the amount requested by the agency in the agency's most recent request submitted under s. 16.42.
The Act also requires the Ethics Board to report to the Legislature by January 1, 1989, on the "effectiveness, wisdom and constitutionality" of the new statute. You ask whether section19.45(12) is constitutional.
All legislative acts are presumed constitutional and the person challenging the statute must prove unconstitutionality beyond a reasonable doubt. It is insufficient simply to establish doubt as to a law's constitutionality. The courts indulge every presumption in favor of the law and will sustain the law if at all possible. Quinn v. Town of Dodgeville, 122 Wis.2d 570, 577,364 N.W.2d 149 (1985).
Earlier this year, in 77 Op. Att'y Gen. 59 (1988), I construed section 16.49 and found that as interpreted, it was not an unconstitutional restraint on first amendment rights but a reasonable regulation of employment. I have reached the same conclusion as to section 19.45(12).
If the law purported to regulate a state employe's right to express his or her opinions as a private individual, the law would certainly be unconstitutional. "The public employee surely can associate and speak freely and petition openly, and he is protected by the First Amendment from retaliation for doing so."Smith v. Arkansas State Highway Emp., 441 U.S. 464, 465 (1979). Public employes cannot be compelled to relinquish those first amendment rights they might otherwise enjoy as citizens to comment on matters of public interest even in relation to the operation of the public agencies in which they work. Pickering v.Board of Ed. of Tp. H. S. *Page 185 Dist. 205, Ill., 391 U.S. 563 (1968). Therefore, a teacher must be allowed to speak on union issues at a public meeting of a school board even when that teacher is not a representative of the recognized union and despite a state law requiring that all negotiations be conducted with recognized representatives of the union. City of Madison, Etc. v. Wis. Emp. Rel. Com'n, 429 U.S. 167
(1976). In that case, the court held that a teacher was speaking simply as a member of the community in expressing his views on the subject. The court noted:
 Surely no one would question the absolute right of the nonunion teachers to consult among themselves, hold meetings, reduce their views to writing, and communicate those views to the public generally in pamphlets, letters, or expressions carried by the news media. It would strain First Amendment concepts extraordinarily to hold that dissident teachers could not communicate those views directly to the very decisionmaking body charged by law with making the choices raised by the contract renewal demands.
City of Madison, 429 U.S. at 176 n. 10.
If section 19.45(12) were interpreted as regulating the free speech rights of public employes in their private capacities, the statute would be overbroad and therefore unconstitutional. The state may legitimately, however, restrict the class of persons to whom it will listen. In Minnesota State Bd. for Com. Colleges v.Knight, 465 U.S. 271 (1984), the court held that a Minnesota statute requiring public employers to engage in official exchanges of views only with their professional employes' exclusive union representatives did not unconstitutionally infringe upon nonrepresented employes' first amendment rights. In that case, the court questioned whether a state official acting on behalf of the state in a policy-making capacity could even raise a first amendment objection to the state's instructions concerning how that official conducted his official activity.Minnesota Bd., 465 U.S. at 283 n. 7. The court held that there was "no constitutional right to force the government to listen . . . ." Minnesota Bd., 465 U.S. at 283.
Section 19.45(12) prohibits any state employe from lobbying the Legislature for appropriations which exceed the amount requested by the employe's agency in the agency's budget request. It also prohibits employes from knowingly utilizing any interests outside *Page 186 
of the agency to do what the employe is prohibited from doing. I believe that under Minnesota Bd., this is a reasonable regulation of public employment. The Legislature is expressing its determination that agency budget requests must follow an orderly process once that request is submitted. The statute does not presume to limit the public employe's freedom to express himself or herself on matters of public policy, including budget requests, except "to either house of the legislature or any member or committee thereof." Sec. 19.45(12), Stats. That restriction falls well within the accepted definition of lobbying. United States v. Rumely, 345 U.S. 41 (1953). The statute, therefore, is not overbroad.
DJH:AL *Page 187