GREGORY A. TIMMERMAN, Corporation Counsel St. Croix County
You inquire as to the standard of review with respect to county board proceedings concerning review of town ordinances under section 60.62 (3), Stats.
In my opinion, judicial review of such legislative actions is limited to cases of abuse of discretion, excess of power or error of law.
Section 60.62 provides as follows:
 Zoning authority if exercising village powers. (1) Subject to subs. (2) and (3), if a town board has been granted authority to exercise village powers under s. 60.10 (2)(c), the board may adopt zoning ordinances under s. 61.35.
 (2) If the county in which the town is located has adopted a zoning ordinance under s. 59.97, the exercise of the authority under sub. (1) is subject to approval by the town meeting or by a referendum vote of the electors of the town held at the time of any regular or special election.
 (3) In counties having a county zoning ordinance, no zoning ordinance or amendment of a zoning ordinance may be adopted under this section unless approved by the county board.
In Buhler v. Racine County, 33 Wis.2d 137, 146-47,146 N.W.2d 403 (1966), the Wisconsin Supreme Court held as follows:
 However, since zoning is a legislative function, judicial review is limited and judicial interference restricted to cases of abuse of discretion, excess of power, or error of law. *Page 118 
Consequently, although a court may differ with the wisdom, or lack thereof, or the desirability of the zoning, the court, because of the fundamental nature of its power, cannot substitute its judgment for that of the zoning authority in the absence of statutory authorization. This rule applies not only to the necessity and extent of zoning but also to rezoning, classification, establishment of districts, boundaries, uses, and to the determination of whether or not there has been such a change of conditions as to warrant rezoning.
(Emphasis added.)
In Quinn v. Town of Dodgeville, 122 Wis.2d 570, 580,364 N.W.2d 149 (1985), the court applied the underscored language from Buhler to approval or disapproval by a town board of a county ordinance under section 59.97 (5)(c). That language refers to two applicable standards of review. At the county board level, review of an ordinance submitted by a town is clearly alegislative and not a judicial or quasi-judicial act. See M IMarshall Bank v. Town of Somers, 141 Wis.2d 271, 282-83,414 N.W.2d 824 (1987). Unless otherwise required by statute, such legislative determinations need not involve a formal or court-type hearing nor the issuance of formalized findings of fact. See State ex rel. La Crosse v. Rothwell, 25 Wis.2d 228,237, 130 N.W.2d 806, 131 N.W.2d 699 (1964).
Quinn also indicates that judicial review of the county board's legislative decision is restricted to cases of abuse of discretion, excess of power or error of law. Therefore, as long as the county board "acts within the sphere of legislative authority, its discretion is controlling; a court cannot substitute its opinion for that of a legislative body." Cushman v. Racine, 39 Wis.2d 303,307, 159 N.W.2d 67 (1968).
In your correspondence, you suggest various plausible reasons that your county board might advance for refusing to approve specific zoning ordinances submitted for county board approval by individual towns. Although I agree with your suggestion that considerations of "public health, safety, convenience and general *Page 119 
welfare" under section 59.97 (1) are relevant in reviewing such ordinances, it would be inappropriate for me to comment on whether any particular county board action would withstand judicial review. See 77 Op. Att'y Gen. Preface, Nos. 3.D. and 3.E. (1988).
I therefore conclude that judicial review of a county board's legislative decision concerning approval or disapproval of town zoning ordinances submitted to the county board under section60.62 (3) is limited to cases of abuse of discretion, excess of power or error of law.
DJH:FTC *Page 120