IN the INTEREST OF ESTEL A. AND JORGE A., Children Under the Age of 18:

GLORIA A., Respondent-Appellant,†

v.

STATE of Wisconsin, Petitioner-Respondent.

Court of Appeals

*No. 95–0315–NM. Submitted on briefs May 18, 1995.—Decided June 13, 1995.*

(Also reported in 536 N.W.2d 396.)

†Petition to review denied.

For the respondent-appellant the cause was submitted on the memorandum of *James A. Rebholz* of *Rebholz, Auberry & Malone*, of Milwaukee.

Pursuant to Court of Appeals order, memorandum filed by *Virginia A. Pomeroy*, director, appellate division, state public defender.

For the petitioner-respondent the cause was submitted on the memorandum of *Donald P. Johns*, assistant attorney general.

Before Wedemeyer, P.J., Sullivan and Schudson, JJ.

PER CURIAM. Gloria A. appeals from an order of the circuit court entered on June 15, 1994, terminating her parental rights to Estel A. and Jorge A. under § 48.43, STATS. Gloria A.'s counsel, Attorney James Rebholz, filed a notice of no merit appeal from the circuit court's order on February 1, 1995. Because we conclude that the no merit procedure set out in RULE 809.32, STATS., does not apply to TPR appeals governed by § 809.107, STATS., and because RULE 809.82(2)(a), STATS., does not authorize this court to enlarge the time for filing a § 809.107(5) notice of appeal, we conclude that we do not have jurisdiction over this appeal.

## BACKGROUND

The few facts dispositive of this matter are undisputed. On June 20, 1994, Gloria A. timely filed a notice of intent to appeal. *See* §§ 808.04(7m) and 809.107(2), STATS. Thereafter, this court issued an order pursuant to RULE 809.82(2)(a), STATS., enlarging the time for the State Public Defender to appoint appellate counsel and to order transcripts. This court also granted an enlargement of time to October 7, 1994, for the filing and service of the transcripts. The transcripts were served upon counsel for Gloria A. on September 16, 1994.

Upon reviewing the transcripts and other materials germane to the case, Gloria A.'s counsel filed a notice of no merit appeal pursuant to RULE 809.32(2), STATS., on February 1, 1995. We subsequently issued an order directing the parties and the State of Wisconsin to address two issues: (1) whether the procedures of RULE 809.32 are available in an appeal from an order terminating parental rights under § 48.43, STATS.; and (2) whether the deadline for filing a notice of appeal under § 809.107(5), STATS., may be extended under RULE 809.82(2)(a), STATS. Gloria A.'s response to our order, in part, raises three constitutional challenges to § 809.107(5). She argues that the fifteen-day time limit established by the rule violates the separation of powers doctrine and denies her due process and the equal protection of law. We address each of these issues *seriatim*.

## DISCUSSION

The application of a statute to an undisputed set of facts presents a question of law reviewed by the court of appeals *de novo*. *Kania v. Airborne Freight Corp.*, 99 Wis. 2d 746, 758-59, 300 N.W.2d 63, 68 (1981). Absent ambiguity, the plain meaning of a statute is controlling. *State v. Filipczak*, 132 Wis. 2d 208, 211, 390 N.W.2d 110, 111-12 (Ct. App. 1986).

### 1. Statutory Scheme of § 809.107, STATS.

Appeals from circuit court orders and judgments terminating parental rights under § 48.43, STATS., are

now governed by § 809.107, STATS.[1] Section 809.107(1),

[1] 1993 Wis. Act 395 created § 809.107, STATS., effective May 5, 1994, which provides in part:

(1) APPLICABILITY. This section applies to the appeal of an order or judgment under s. 48.43 and supersedes all inconsistent provisions of this chapter.

(2) INITIATING THE APPEAL. A person shall initiate an appeal under this section by filing, within the time specified in s. 808.04 (7m) [fifteen days after the judgment or order appealed from], a notice of intent to appeal with the clerk of the trial court in which the judgment or order appealed from was entered.

. . . .

(4) TRANSCRIPT. A person filing a notice of intent to appeal under sub. (2) shall order a transcript of the reporter's notes within 15 days after filing the notice. The court reporter shall file the transcript with the trial court and serve a copy of the transcript on the person filing the notice of intent to appeal within 30 days after the ordering of the transcript.

(5) NOTICE OF APPEAL; TRANSMITTAL OF RECORD. Within 15 days after service of the transcript, the person filing a notice of intent to appeal under sub. (2) shall file a notice of appeal and docketing statement as provided in s. 809.10(1)(a) and serve a copy of the notice on the persons required to be served under sub. (2). The clerk of the trial court shall transmit the record to the court of appeals as soon as the record is prepared but in no event more than 15 days after the filing of the notice of appeal.

(6) SUBSEQUENT PROCEEDINGS IN COURT OF APPEALS; PETITION FOR REVIEW IN SUPREME COURT. Subsequent proceedings in the appeal are governed by the procedures for civil appeals and the procedures under subch. VI, except as follows:

(a) The appellant shall file a brief within 15 days after the filing of the record on appeal.

(b) The respondent shall file a brief within 10 days after the service of the appellant's brief.

(c) The appellant shall file within 10 days after the service of the respondent's brief a reply brief or statement that a reply brief will not be filed.

(d) If the guardian ad litem appointed under s. 48.235(1)(c) for the child who is the subject of the proceeding takes the position of the appellant, the guardian ad litem's brief shall be filed within 15 days after the filing of the record on appeal with the court of appeals. If the guardian ad litem takes the position of a respondent,

STATS. An appeal from a judgment or order terminating parental rights is initiated by filing a notice of intent to appeal no later than fifteen days after the entry of the judgment or order appealed from. Sections 808.04(7m) and 809.107(2), STATS. The appellant orders a copy of the court reporter's notes within fifteen days after filing the notice of intent to appeal. Section 809.107(4), STATS. The court reporter then has thirty days to file the transcript in the circuit court and to serve a copy upon the person who filed the notice of intent. *Id.* Within fifteen days of service of the transcripts, the person filing the notice of intent to appeal "shall file a notice of appeal and docketing statement." Section 809.107(5), STATS. The remainder of § 809.107 establishes certain deadlines for the clerk of the circuit court to transmit the record to the court of appeals, the parties to brief the appeal, and this court to issue an opinion. Section 809.107(6), STATS.

### 2. Applicability of RULE 809.32, STATS., to TPR Appeals

■

We recently addressed the applicability of the no merit procedure established in RULE 809.32, STATS., to appeals from orders or judgments terminating parental rights under § 48.43, STATS., in *Christopher D. v. Franklin,* 191 Wis. 2d 681, 700-01, 530 N.W.2d 34, 41-42 (Ct. App. 1994). We first observed that no merit procedures are limited to cases governed by RULE

the guardian ad litem's brief shall be filed within 10 days after service of the appellant's brief.

(e) Cases appealed under this section shall be given preference and shall be taken in an order that ensures that a decision is issued within 45 days after the filing of the record on appeal with the court of appeals.

809.30, STATS., an appellate scheme that no longer applies to TPR cases. RULE 809.30(1)(a), STATS. We next observed that under § 809.107(1), STATS., the new appellate scheme governing appeals from an order or judgment terminating parental rights is exclusive and "supersedes all inconsistent provisions of this chapter." *Christopher D.*, at 700-01, 530 N.W.2d at 42 (quoting § 809.107(1), STATS.). Because the 180-day time limit established in RULE 809.32 for filing a notice of no merit appeal is inconsistent with the shorter fifteen-day time limit for filing a notice of appeal under § 809.107(5), STATS., we concluded that RULE 809.32 "does not apply to TPR appeals." *Christopher D.*, at 700-01, 530 N.W.2d at 42.

> **3. Authority of Court of Appeals to Extend the Deadline for the Filing of a TPR Notice of Appeal Under RULE 809.82(2)(a), STATS.**

The next issue we address is whether this court has authority under RULE 809.82(2)(a), STATS., to enlarge the time for filing a notice of appeal under § 809.107(5), STATS. RULE 809.82(2)(a) permits this court to extend many deadlines in ch. 809 "upon its own motion or upon good cause shown by motion." RULE 809.82(2)(a) is modified in pertinent part by subsection (b) which states that "Notwithstanding the provisions of par. (a), the time for filing a notice of appeal or cross-appeal of a final judgment or order other than in an appeal under s. 809.30 or 809.40(1) may not be enlarged." As we observed earlier, appeals from orders terminating parental rights are no longer subject to the procedure of RULE 809.30. RULE 809.30(1)(a). Further,

the application of RULE 809.40, STATS., to appeals from orders terminating parental rights is specifically excluded by RULE 809.40(1m), STATS. Under the plain and unambiguous language of RULE 809.82(2)(b), therefore, no basis exists upon which to conclude that we may treat a notice of appeal filed under § 809.107(5) differently than, for example, a notice of appeal filed in a civil case under § 808.04(1) and RULE 809.10, STATS. Accordingly, we conclude that this court is not empowered by RULE 809.82(2)(a) to enlarge the time for filing a notice of appeal under § 809.107(5).

### 4. Whether the Time Limits Governing TPR Appeals Violate Constitutional Principles of Separation of Powers, Due Process or Equal Protection

We presume a statute to be constitutional. Any challenge must demonstrate the statute to be unconstitutional beyond a reasonable doubt. *State v. Iglesias,* 185 Wis. 2d 117, 133, 517 N.W.2d 175, 180, *cert. denied,* 115 S. Ct. 641 (1994). This court will indulge every presumption in aid of sustaining the statute. *Quinn v. Town of Dodgeville,* 122 Wis. 2d 570, 577, 364 N.W.2d 149, 154 (1985). Doubts regarding a statute's constitutionality are resolved in favor of its validity. *Id.* We will uphold a statute if we can conclude that any reasonable basis exists for the legislature's exercise of power. *Id.* It is beyond this court's role to determine the merit or wisdom of the legislature's enactment. *Id.*

"[T]he legislature and the judiciary share the power to regulate practice and procedure in the judicial system." *In re E.B.,* 111 Wis. 2d 175, 181, 330 N.W.2d 584, 588 (1983). " 'Under the doctrine of separation of

powers, the legislature is prohibited from unduly burdening or substantially interfering with the judicial branch' " in areas of shared power.[2] *In re Grady*, 118 Wis. 2d 762, 776, 348 N.W.2d. 559, 566 (1984) (citation omitted).

■

We conclude that the appellants have not demonstrated that the litigant's fifteen-day time limit under § 809.107(5), STATS., to file a notice of appeal unconstitutionally intrudes upon or burdens this court, thus impairing the separation of powers doctrine. This time limit will result in the more expeditious presentation of TPR appeals; it will not unreasonably burden or unconstitutionally intrude upon this court's consideration of TPR appeals. *Cf. id.* at 782-83, 348 N.W.2d at 569-70 (statute requiring circuit court judges to file affidavit averring that no case before them had been pending a decision for more than ninety days held to violate separation of powers doctrine not as an unreasonable burden on the judiciary but rather as an intrusion into an area of exclusive judicial authority).

We turn now to the claim that the shortened appeal time violates an appellant's right to the effective assistance of counsel[3] and to due process. We

---

[2] The appellant does not argue and we do not decide whether § 809.107(5), STATS., represents an intrusion by the legislature into an area of exclusive judicial authority.

[3] We decline to decide whether effective assistance of counsel is a constitutional right in a TPR appeal. *In re M.D.(S).*, 168 Wis. 2d 995, 1002, 485 N.W.2d 52, 54 (1992), recognized that the statutory right of an indigent parent to court-appointed counsel in a TPR proceeding includes the right to effective assistance of counsel. The court in *M.D.(S).* declined to decide whether the effective assistance of counsel is a constitutional right in a TPR proceeding. *Id.*

previously rejected the assertion that the fifteen-day requirement for filing a notice of appeal violated the appellants' right to effective assistance of counsel in *Christopher D. Christopher D.*, 191 Wis. 2d at 697, 530 N.W.2d at 40. Noting that the content requirement of a notice of appeal is minimal and the authority of this court to grant extensions of time for the filing of the appellant's brief is available under RULE 809.82(2)(a), STATS., this court concluded that the fifteen-day time limit did not interfere with the effective assistance of counsel. *Christopher D.*, 191 Wis. 2d at 697, 530 N.W.2d at 40.

We further concluded in *Christopher D.* that this scheme, intended to expedite TPR appeals in the interest of settling questions regarding the restoration of family ties or the initiation of an alternative permanent placement, does not deprive the appellant of due process of law. After determining that a procedural due process analysis should be applied to this due process argument, we identified the following reasons for determining that the fifteen-day requirement did not violate the appellant's right to due process of law: "Given the minimal content requirements for a notice of appeal and the opportunity to request an extension of the time within which to file a brief, the fifteen-day requirement for filing a notice of appeal does not violate the right to due process prior to termination of parental rights." *Christopher D.*, 191 Wis. 2d at 698, 530 N.W.2d at 41-42.

In *Christopher D.,* we also addressed an equal protection challenge to the fifteen-day requirement for filing a notice of appeal under § 809.107(5), STATS. *Christopher D.*, 191 Wis. 2d at 699-701, 530 N.W.2d at 41. After rejecting the appellant's "premise that the

278

fifteen-day limit deprive[d] him of a fundamental right," this court concluded "that a rational basis exists for having a shorter time limit for filing a notice of appeal in TPR cases than in non-TPR cases." *Christopher D.*, 191 Wis. 2d at 699, 530 N.W.2d at 41. In light of the significant interest of children and parents in the finality of judicial proceedings affecting their bonds and the significance of the effect of the passage of time upon that familial relationship, we concluded that the classification created by the enactment of § 809.107(5), STATS., is not irrational. *Christopher D.*, 191 Wis. 2d at 699-700, 530 N.W.2d at 41.

In light of the foregoing discussion, we conclude that the no merit procedure established in RULE 809.32, STATS., does not apply to TPR appeals and that this court lacks the authority to enlarge the fifteen-day deadline for filing a notice of appeal in a TPR case under RULE 809.82(2)(a), STATS. We further conclude that § 809.107(5) does not violate the constitutional principles of separation of powers, due process or equal protection.

*By the Court.*—Appeal dismissed.