COURT OF APPEALS
DECISION
DATED AND FILED

October 20, 2022

Sheila T. Reiff
Clerk of Court of Appeals

NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.   2021AP1608

STATE OF WISCONSIN

Cir. Ct. No.  2020CV36

IN COURT OF APPEALS
DISTRICT IV

DYERSVILLE READY MIX INC. D/B/A BARD MATERIALS,

   PLAINTIFF-RESPONDENT,

V.

IOWA COUNTY BOARD OF SUPERVISORS AND
IOWA COUNTY PLANNING AND ZONING COMMITTEE,

   DEFENDANTS-CO-APPELLANTS,

TOWN OF BRIGHAM,

   DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Iowa County: MARGARET MARY KOEHLER, Judge. *Reversed and cause remanded for further proceedings*.

Before Kloppenburg, Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. The Town of Brigham, the Iowa County Board of Supervisors, and the Iowa County Planning and Zoning Committee (collectively, the Town and County) appeal a circuit court judgment declaring that BARD Materials is entitled to a requested rezoning of its property as a matter of law. The Town and County argue, among other things, that the circuit court lacked authority to grant a declaratory judgment because the proper means of judicial review of a local government's rezoning decision is by certiorari.[1]

¶2 We conclude that the narrow issue of the proper means of seeking judicial review of a rezoning decision is dispositive in this appeal. In *Voters with Facts v. City of Eau Claire*, 2018 WI 63, ¶25, 382 Wis. 2d 1, 913 N.W.2d 131, our supreme court determined that certiorari review is the appropriate means to challenge the validity of a local legislative decision, such as the rezoning decision here, and BARD has failed to distinguish this case from *Voters with Facts*. However, we further conclude that BARD's complaint can be construed as requesting certiorari review of the decision to deny its rezoning application. Because the record before us does not contain a municipal record sufficient to enable certiorari review, we reverse and remand to the circuit court for certiorari review of BARD's claims.

---

[1] In the alternative, the Town and County also argue that the circuit court's declaratory judgment is erroneous because: the court violated the separation of powers doctrine by adopting legislation when it ordered the rezoning of BARD's property; the zoning ordinance at issue does not mandate the rezoning ordered by the court; and BARD's rezoning application was properly denied because it did not satisfy all of the criteria of the zoning ordinance. We do not address these alternative arguments.

**BACKGROUND**

¶3    In October 2019, BARD submitted an application to the Iowa County Planning and Zoning Committee, seeking to rezone its property from A-1 zoning to AB-1 zoning under the Iowa County Zoning Ordinance. Bard sought the rezoning from A-1 to AB-1 to allow BARD to apply for a conditional use permit to convert its property from preserved agricultural land to a quarry.

¶4    The Town Board voted to oppose BARD's rezoning application because it was inconsistent with its comprehensive plan. The Iowa County Planning and Zoning Committee then voted to recommend denial of the application for the same reason. The Iowa County Board ultimately voted to deny BARD's application.

¶5    BARD then commenced this action challenging the denial of its application. BARD argued that the County Board erred by denying its application because BARD satisfied all of the criteria for rezoning its property. BARD labelled its action, and specifically sought, a declaratory judgment that it is entitled to its requested rezoning of its property.

¶6    The Town moved for judgment on the pleadings and the County moved to dismiss for failure to state a claim. They argued, among other things, that BARD's exclusive remedy to challenge the denial of its rezoning application was by certiorari. The circuit court denied both motions.

¶7    The parties then filed competing motions for summary judgment. The circuit court granted summary judgment to BARD and issued a declaratory judgment that Bard is entitled to rezoning of its property as a matter of law. The Town and the County appeal.

## DISCUSSION

¶8       "The grant or denial of a motion for summary judgment is a matter of law that this court reviews de novo." ***Wegner v. West Bend Mut. Ins. Co.***, 2007 WI App 18, ¶11, 298 Wis. 2d 420, 728 N.W.2d 30.   Under summary judgment methodology, the first step is to determine if the complaint states a claim for relief. ***Hoida, Inc. v. M & I Midstate Bank***, 2006 WI 69, ¶16, 291 Wis. 2d 283, 717 N.W.2d 17.

¶9       The Town and County contend that BARD's complaint fails to state a claim because, under ***Voters with Facts***, certiorari is the exclusive remedy for review of a rezoning decision.  They argue that ***Voters with Facts***, 382 Wis. 2d 1, ¶39, prohibits declaratory judgment as a method for reviewing municipal legislative decisions, and that rezoning is a legislative act. *See **Quinn v. Town of Dodgeville***, 122 Wis. 2d 570, 584, 364 N.W.2d 149 (1985) (the act of rezoning is as legislative in nature as drafting and adopting a zoning ordinance in the first instance).  Thus, they contend, the circuit court erred by allowing the case to proceed as a declaratory judgment action. *See **Voters with Facts***, 382 Wis. 2d 1, ¶¶39, 48 (claims for declaratory judgment to challenge legislative determinations dismissed for failure to state a claim, because a legislative determination "is not susceptible to an action for declaratory judgment").  They assert that BARD's complaint challenged the rezoning decision pursuant to WIS. STAT. § 59.69(14),[2] and that, because the statute does not provide for a method of judicial review, review is limited to certiorari. *See **Voters with Facts***, 382 Wis. 2d 1, ¶71

---

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

("Where, as here, there is no express statutory method of review, common law certiorari applies.").

¶10     BARD makes several arguments as to why we should conclude that *Voters with Facts* did not limit its remedy to certiorari and that declaratory judgment was appropriate. We are not persuaded by any of BARD's arguments.

¶11     First, BARD argues that a declaratory judgment action has historically been, and remains, a proper vehicle to seek review of the denial of a rezoning application. It argues that, "[t]ime and again, courts have entertained challenges to rezon[ing] decisions pleaded as claims for declaratory judgment." In support, it provides a list of cases that it asserts adjudicated, on the merits, a declaratory judgment claim challenging a rezoning decision. However, BARD does not explain why any of those cases control over the specific holding in *Voters with Facts* that certiorari review, rather than declaratory judgment, is the proper means to seek review of a municipal legislative determination. That is, BARD does not contend that any of the cases it cites addressed the legal question which was squarely addressed and answered in *Voters with Facts*.[3]

---

[3] Significantly, all but one of the cases that BARD cites as showing that courts have entertained challenges to rezoning decisions that were pled as declaratory judgment actions predated the holding in *Voters with Facts* that certiorari review, not declaratory judgment, is the proper mechanism to seek review in such cases. The one case that followed *Voters with Facts*— *Lakeland Area Prop. Owners Ass'n, U.A. v. Oneida Cnty.*, 2021 WI App 19, ¶¶4, 7, 63, 396 Wis. 2d 622, 957 N.W.2d 605—affirmed the circuit court's dismissal of the declaratory judgment claims. We concluded that the claims failed on their merits. *Id.* However, we did not specifically address whether declaratory judgment was an appropriate remedy under the facts of that case and we did not make any reference to *Voters with Facts*. Again, BARD does not explain why *Lakeland* should be read to contradict the holding in *Voters with Facts*, and we decline to develop such an argument on BARD's behalf.

¶12     Second, BARD asserts that general principles concerning review of legislative actions apply with "considerably lesser force" to rezoning denials.  In support, it cites the holding in *Schmeling v. Phelps*, 212 Wis. 2d 898, 911-12, 569 N.W.2d 784 (Ct. App. 1997), that "[z]oning actions … because they affect the property rights of specific individuals, have traditionally been treated differently than general municipal legislation under both statute and case law."  However, BARD does not explain how it follows from this premise that a challenge to the denial of a rezoning application may proceed as a declaratory judgment action, despite *Voters with Facts'* holding to the contrary.

¶13     Third, BARD argues that *Voters with Facts* held only that a party may not challenge the *policy wisdom* of a municipal legislative act through a declaratory judgment action, not that a party may not challenge the *legality* of a municipal legislative decision as a declaratory judgment claim.  It argues that *Voters with Facts* affirmed that *legality* challenges can be brought as declaratory judgment claims when it distinguished two declaratory judgment cases "on the basis that they sought a declaration of constitutionality, which … is a proper question for the court." *Voters with Facts*, 382 Wis. 2d 1, ¶69 n.31.  Here, BARD argues, its complaint challenged the legality of the rezoning decision, not its policy wisdom.

¶14     We are not persuaded.  As an initial matter, legal challenges to local governmental action can be and often are addressed by way of certiorari.  *See infra*, ¶¶16, 18; *see also* *Miller v. Zoning Bd. of Appeals of Lyndon Station*, 2022 WI App 51, ¶¶28-31, __ Wis. 2d __, __ N.W.2d __.  The two cases distinguished in *Voters with Facts* as raising proper questions for the court involved whether proposed governmental action or enacted statutes violated provisions of the Wisconsin Constitution.  *See* *City of Hartford v. Kirley*, 172 Wis. 2d 191, 493

6

N.W.2d 45 (1992) (action by the City for a declaratory judgment that the tax incremental bonds it planned to issue for a tax incremental district, pursuant to WIS. STAT. § 66.46 (1989-90), did not constitute debt within the meaning of art. XI, sec. 3, of the Wisconsin Constitution); *Gottlieb v. City of Milwaukee*, 33 Wis. 2d 408, 147 N.W.2d 633 (declaratory judgment action challenging the constitutionality of Urban Redevelopment Law under art. VIII, sec. 1, of the Wisconsin Constitution). We do not agree with BARD that the reference to those cases in *Voters with Facts* was intended to convey the much broader proposition that any legal challenge to a rezoning decision may be raised by declaratory judgment. Indeed, *Voters with Facts*, 382 Wis. 2d 1, ¶69, stated plainly that "certiorari review is the mechanism by which a court should test the validity of a municipality's legislative determinations." BARD has not cited anything in *Voters with Facts* that would render that holding inapplicable here.

¶15 In sum, BARD has not persuaded us that *Voters with Facts* does not apply to limit BARD's remedy to certiorari review of the rezoning denial in this case. The *Voters with Facts* court noted "the longstanding policy that declaratory relief is disfavored if there is a speedy, effective and adequate alternative remedy." *Id.* (citation omitted). It also stated that "'[i]t is well established in this state that where there are no statutory provisions for judicial review, the action of a board or commission may be reviewed by way of certiorari.'" *Id.*, ¶70 (quoted source omitted). Here, BARD does not dispute that its challenge to the rezoning decision arises under WIS. STAT. § 59.69(14) and that the statute does not provide the method of judicial review. Accordingly, we conclude that, following *Voters with Facts*, the exclusive method of review in this case is by certiorari.

¶16 In the alternative, BARD argues that its complaint states a claim for certiorari review. It argues that its challenge to the rezoning decision fits within

the questions, on certiorari review, of whether the municipality proceeded on a correct theory of law and whether its actions were arbitrary or unreasonable. *See Oneida Seven Generations Corp. v. City of Green Bay*, 2015 WI 50, ¶41, 362 Wis. 2d 290, 865 N.W.2d 162. It contends that it otherwise complied with the requirements for a certiorari action. And, it points out, the remedy in *Voters with Facts*, 382 Wis. 2d 1, ¶¶69-76, was not dismissal, but remand for certiorari review. The Town and County argue that BARD's claims should be dismissed rather than remanded for certiorari review. They contend that BARD had the opportunity to properly plead a certiorari claim and failed to do so, and that it should not be provided a second chance.

¶17     We conclude that, as in *Voters With Facts*, this matter should be remanded to the circuit court for certiorari review.

¶18     When conducting certiorari review, a court "reviews the record compiled by the municipality and does not take any additional evidence on the merits of the decision." *Id.*, ¶71 (quoting *Ottman v. Town of Primrose*, 2011 WI 18, ¶35, 332 Wis. 2d 3, 796 N.W.2d 411). Certiorari review of a legislative decision includes the following four inquiries: "(1) whether the [local body] kept within its jurisdiction"; (2) whether it acted according to law; (3) "whether its action was arbitrary, oppressive, or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that [the local body] might reasonably make the order or determination in question." *Ottman*, 332 Wis. 2d 3, ¶35. On appeal, we review the decision of the local governmental body, not the decision of the circuit court. *See Bratcher v. Housing Auth. of Milwaukee*, 2010 WI App 97, ¶10, 327 Wis. 2d 183, 787 N.W.2d 418.

¶19 Here, BARD's claims—that the County Board erred by denying its rezoning application and that it was entitled to the rezoning as a matter of law—fit within the scope of certiorari review, and BARD's complaint can be construed as requesting certiorari review of the County Board's decision. However, because this matter was litigated in the circuit court as a declaratory judgment action and not as a certiorari proceeding, the municipality did not compile a record of its proceedings, and the record before us is insufficient to enable our review. *See Voters with Facts*, 382 Wis. 2d 1, ¶72. Accordingly, as in *Voters with Facts*, we remand to the circuit court for certiorari review of the County Board's decision with respect to BARD's rezoning application.

*By the Court.*—Order reversed and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.